[Civ. No. 24839. Fourth Dist., Div. One. Jan. 29, 1982.]

In re WAYLON M., a Person Coming Under the Juvenile Court Law.
THE PEOPLE, Plaintiff and Respondent, v.
WAYLON M., Defendant and Appellant.

**COUNSEL**

James C. Holzmann, under appointment by the Court of Appeal, Quin Denvir, State Public Defender, and Victoria Sleeth, Deputy State Public Defender, for Defendant and Appellant.

George Deukmejian, Attorney General, Robert H. Philibosian, Chief Assistant Attorney General, Daniel J. Kremer, Assistant Attorney General, A. Wells Petersen and Jesus Rodriguez, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

**THE COURT.***—Following a true finding he possessed concentrated cannabis (Health & Saf. Code, § 11357, subd. (a)), Waylon M. was granted probation. He appeals contending there was insufficient evidence to support the true finding.

Waylon was arrested on January 20, 1980. While being booked he removed several items from his pocket the arresting officer later testified "resembled hashish." Upon being questioned by the police following his arrest, Waylon said the items were indeed hash which he had bought earlier that day, paying $100 for 10 grams. He told the officers he and his friends had already smoked one gram. Although a chemical analysis of the substance had been run, no evidence as to the results was introduced at trial. The officer who testified the items "resembled hash" had not been qualified as an expert in spotting narcotics nor did he testify to his background or knowledge regarding drugs.

■ The identification of narcotics as such requires the opinion of an expert. (See *People* v. *McLean* (1961) 56 Cal.2d 660, 663-664 [16 Cal.Rptr. 347, 365 P.2d 403].) Identification by the user is permitted only where there is evidence showing the user knows the nature of the drugs due to his past use and testimony as to the reactions he experiences while under the influence (*id.*; *People* v. *Chrisman* (1967) 256 Cal.App.2d 425, 432-433 [64 Cal.Rptr. 733]; *People* v. *Partin* (1967) 254 Cal.App.2d 89, 92 [62 Cal.Rptr. 59]). Although on appeal the evidence must be viewed in the light most favorable to the true finding, the People had the burden here of proving the nature of the items found in Waylon's pocket. Waylon's statement he bought the items earlier for $100, had nine grams on him at the time and shared one gram with his friends previously, did not reveal past use or reactions. Because identification of the nature of the items called for expert opinion, the court's own observations are not sufficient as it was not established as an expert in such matters. There was insufficient evidence presented the items were concentrated cannabis.

The orders are reversed.

---

*Before Brown (Gerald), P. J., Wiener, J., and Work, J.