[Crim. No. 6633. Fifth Dist. Oct. 13, 1983.]

THE PEOPLE, Plaintiff and Respondent, v.
NICK GARCIA, Defendant and Appellant.

1104

COUNSEL

Karl Phaler, under appointment by the Court of Appeal, for Defendant and Appellant.

John K. Van de Kamp, Attorney General, Daniel J. Kremer, Chief Assistant Attorney General, Arnold O. Overoye, Assistant Attorney General, James T. McNally and James Ching, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

THE COURT.*—After entering a plea of guilty defendant was convicted of one count of committing lewd and lascivious acts on the body of a child under the age of 14, in violation of Penal Code section 288, subdivision (a). He was found to be a mentally disordered sex offender and was committed to the State Department of Health for placement in Atascadero State Hospital. Eleven months later, defendant was returned from Atascadero State Hospital as unamenable to further medical treatment and was sentenced to prison for the five-year middle base term. Defendant contends that the trial court acted improperly by considering the familial relationship between himself and the victim as an aggravating factor at his sentencing hearing. The People disagree.

Sentencing occurred on September 13, 1982. The record indicates that the judge had read and considered an original probation officer's report (RPO) dated July 10, 1981, and a special RPO dated September 9, 1982. These reports indicated that defendant admitted having orally copulated his seven-year-old stepdaughter and having molested her on three occasions by rubbing his penis against her vagina until he reached climax. The RPO's

---

*Before Franson, Acting P. J., and Martin, J.

listed that there were no mitigating factors relating to the crime itself, but noted that defendant had cooperated with the sheriff's office from the beginning of the investigation, that defendant had expressed remorse for his actions, and that he had no record of prior criminal activity of any kind. The report noted that committing the offense upon a seven-year-old girl evinced a high degree of cruelty on defendant's part as well as the fact that the victim had been extremely vulnerable. Both reports recommended that defendant be imprisoned for the middle base term of five years.

After listening to comments from counsel, the court noted the existence of a medical report from a court-appointed psychiatrist which stated that defendant had engaged in the same conduct with a 10-year-old girl, approximately 8 years prior to the time when the present offenses were committed. The court recognized the mitigating factors which were included in the RPO. In listing the aggravating factors, the court noted the fact that there had been several instances of abuse and noted the vulnerability of the victim, "in terms of her relationship and the position of trust the defendant had . . . ." The court imposed the middle term after finding that the aggravating circumstances and the mitigating circumstances did not significantly outweigh one another.

■ Defendant argues that the "vulnerability" of the victim flowing from the parental relationship may not be considered as an aggravating circumstance of a violation of section 288 of the Penal Code. Analogizing to the well-established rule prohibiting the use of a victim's age as a factor in finding "particular vulnerability" to a section 288 assault (see rule 441(d) of the Cal. Rules of Court; and *People* v. *Ginese* (1981) 121 Cal.App.3d 468, 475-477 [175 Cal.Rptr. 383]), defendant asserts that violations of Penal Code section 288 "almost always arise out of situations in which the offender has a parental or custodial role with respect to the child" and, therefore, that the victim's status as his stepchild is a "normal" incident of that offense and cannot provide a separate basis for finding that this victim was "particularly vulnerable," pursuant to rule 421(a)(3) of the California Rules of Court. We disagree.

At the outset we note that defendant offers no authority to support his underlying assertion that violators of section 288 are almost always parents or custodians of the victims involved. A brief review of the reported decisions reveals countless cases involving violations of section 288 wherein the defendants did not have such a relationship with the victims. (See, e.g., *People* v. *O'Tremba* (1970) 4 Cal.App.3d 524, 526 [84 Cal.Rptr. 336]; *People* v. *Orduno* (1978) 80 Cal.App.3d 738, 741 [145 Cal.Rptr. 806]; *People* v. *Dontanville* (1970) 10 Cal.App.3d 783, 788 [89 Cal.Rptr. 172]; *People* v. *Moody* (1963) 216 Cal.App.2d 250, 251 [30 Cal.Rptr. 785].)

Nor does the language of section 288, subdivision (a), of the Penal Code evince an intent on the part of the Legislature that the provision was enacted with a particular type of offender-victim relationship in mind. To the contrary, the language is decidedly general in nature, proscribing lewd and lascivious acts on "*a* child" (italics added) under the age of 14 years by "[a]ny *person*. (Italics added.)"

We further note that the proscription of rule 441(d) of the California Rules of Court against the use of a fact which is an element of the crime to impose the upper term does not apply here for two reasons: first, the trial court in this case used the disputed factor in imposing the *middle* term, rather than the upper term. Secondly, unlike the rule pertaining to minority status, section 288 contains no language specifically including parental or custodial control as an element of the present offense.

Very few California decisions have discussed the issue presently before us. In the case of *People* v. *Flores* (1981) 115 Cal.App.3d 924, at page 927 [171 Cal.Rptr. 777], the Court of Appeal held that the factor of minority could not be used as a basis for finding that a victim of a violation of section 288a, subdivision (b)(2),[1] was "particularly vulnerable," where minority status was, itself, an element of the charged offense. The court relied, in part, upon rule 441(d), discussed above. The court also relied upon its perception that the scheme of law pertaining to punishments for oral copulation clearly evinced that the Legislature had already determined that all persons of the ages specified in the statute were particularly vulnerable by reason of their age alone, and accordingly, that the Legislature had already provided increased punishment for those offenses when committed against such persons. The court specifically noted, however, that there could be situations in which the victim of an "age range offense" could appropriately be determined " 'particularly vulnerable,' " such as when he or she is mentally deficient, physically handicapped, rendered intoxicated, etc., . . ."

In *People* v. *Ginese, supra,* 121 Cal.App.3d 468, 475, the *Flores* reasoning regarding minority status was applied to section 288. Notably, however, the court in *Ginese* included dictum to the effect that supervision or control of a victim by a defendant could justify a finding that the victim of an age range offense was particularly vulnerable. We agree. It is difficult for us to conceive of a circumstance wherein a child would be more vulnerable to such an offense than when the attack was perpetrated by a person entrusted with the victim's supervision or control. We see no valid justification for limiting the trial court's discretion to consider defendant's relationship to the victim as a circumstance rendering her particularly vulnerable to this

---

[1]Oral copulation of one under 16 years of age by another over 21 years of age.

attack. The few authorities cited by defendant are inapposite. Accordingly, we conclude that defendant has stated no basis for relief.

The judgment is affirmed.

A petition for a rehearing was denied November 4, 1983.