[Crim. No. 44566. Second Dist., Div. Six. Apr. 16, 1985.]

THE PEOPLE, Plaintiff and Respondent, v.
DANIEL YBARRA GARCIA, Defendant and Appellant.

1058

COUNSEL

Alejandro Gonzalez, under appointment by the Court of Appeal, for Defendant and Appellant.

John K. Van de Kamp, Attorney General, Mark Alan Hart and Alice E. Altoon, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

STEVENS, J.*—Defendant was convicted of attempted rape (Pen. Code, §§ 664, 261, subd. (2)), forcible child molestation (Pen. Code, § 288, subd. (b)) and two counts of furnishing marijuana to a minor (Health & Saf. Code, § 11361). In addition, enhancements alleging substantial sexual conduct (Pen. Code, § 1203.066, subd. (b)) and special trust (Pen. Code, § 1203.066, subd. (a)(9)) were found to be true. Defendant was sentenced to a total of 12 years in prison. He appeals these convictions seeking reversal because of a variety of errors alleged to have occurred before and during his trial. We reverse defendant's conviction of attempted rape and affirm the judgment in all other respects.

FACTS

At the time these incidents occurred defendant Daniel Garcia was sharing his home with Pete Belaustegui and the Zepeda family. The Zepeda family consisted of Joe Zepeda, Joe's wife Trisha, their 2½-year-old child Maricella and Trisha's 17-year-old sister Annette Carrillo.

On the evening of September 25, 1982, Trisha prepared dinner for herself, Maricella, Annette and Pete. They sat around the kitchen table to eat the meal. Just as they finished the defendant came home. He produced a plastic bag containing marijuana which he handed to Trisha saying "you guys can have this." Trisha placed part of the marijuana in an empty Coca Cola can which was utilized as a device for smoking. Defendant, Trisha, Annette and Pete sat around the kitchen table and smoked marijuana from the can. The can was passed among them and was refilled two or three times by Trisha and Annette. Both Trisha and Annette testified that they were familiar with marijuana prior to September 25, 1982. Each had smoked it quite a few times and each had smelled and tasted it. In the opinion of both Trisha and Annette the substance which they smoked was marijuana.

---

*Assigned by the Chairperson of the Judicial Council.

While they were smoking the marijuana from the Coca Cola can 17-year-old Frank Antimo came into the house. He had a discussion with defendant and the others about the marijuana and offered to return to his home to get a bong.[1] Frank left and returned within three or four minutes with the bong. The bong was filled with marijuana and was smoked. It was refilled on three or four occasions with either Trisha or Annette placing marijuana from the supply into the device. The bong was passed back and forth among defendant, Trisha, Annette and Frank while they sat around the kitchen table. Defendant passed the smoking bong to both Annette and Frank.

When they finished smoking, Frank Antimo left the house. The other people went into the living room where they watched television. The child Maricella was playing on the living room floor. Trisha fell asleep on the couch. At approximately 8 p.m. after she had been sleeping for 20 minutes Trisha awakened and did not see Maricella. She called for Maricella but heard no answer.

Trisha, Annette and Pete began looking for the child. They looked in the bedroom and saw no one there. They observed that the bathroom door was closed. Trisha knocked on the door and called out. The door was opened to reveal Maricella and defendant standing in the bathroom. Maricella was nude. Her hands were placed over her genital area. Her eyes were red and watery as if she had been crying. Defendant had no shirt on, his belt was unbuckled and hanging down.

Trisha took the child out of the bathroom and asked her what happened. Maricella said "Danny hurt me." Trisha asked Maricella where she had been hurt and the child placed her hands on her genital area. Maricella was taken to the hospital where she was examined by the doctor on duty. Later she was also examined by Doctor Woodling at the request of the district attorney. The doctor found scratches, swelling and bruises in the genital area. The swelling and bruising could have been caused by a forcible attempt to penetrate the child's vaginal area by an adult male penis. The scratches could have been made by a fingernail. He also found a bruise on the arm that could have been made by a grasping adult hand.

A report was made to the police who obtained a search warrant. Officers went to the defendant's home where they found him asleep in bed. He was arrested and taken into custody.

I

█ Defendant initially asserts that the trial judge erred when he refused to grant the defendant's motion to continue the trial. Defendant was arrested

---

[1] A bong is a device used to smoke marijuana.

on September 25, 1982. Shortly thereafter, he retained counsel who represented him at the preliminary hearing and at his superior court arraignment when trial was set for December 13, 1982. On the morning of December 13, 1982, defendant moved to continue the trial so that new counsel could be substituted. The case was continued from time to time until January 20, 1983, when Attorney Alejandro Gonzalez was substituted in. Mr. Gonzalez had been retained prior to the 20th. He assured the court that he would be ready for trial within 10 days. The case was assigned to start trial on February 3, 1983. On the morning of February 3, 1983, Mr. Gonzalez appeared with the defendant and asked for further continuance to enable him to arrange for the defendant to be examined by a psychiatrist and a urologist. The motion was denied.

Defendant was allowed to substitute counsel only after the court was given assurances that the new attorney would be ready in 10 days. A motion for continuance will be granted only upon a showing of good cause. (Pen. Code, § 1050.) A denial of a motion for continuance will not be disturbed in the absence of clear showing of abuse of discretion. (*People* v. *Caldwell* (1980) 102 Cal.App.3d 461 [162 Cal.Rptr. 397].) Under the circumstances presented here the court's refusal to further delay the proceeding was within its discretion.

## II

▉ Defendant next contends that the trial court abused its discretion in denying his motion to sever. Section 954 of the Penal Code permits the charging of two or more different offenses in the same accusatory pleading if the offenses are "connected together in their commission." If there is a common element of substantial importance joinder is proper. (*Walker* v. *Superior Court* (1974) 37 Cal.App.3d 938 [112 Cal.Rptr. 767]; *People* v. *De Angelis* (1979) 97 Cal.App.3d 837 [159 Cal.Rptr. 111].) Here we have the common elements of time and place. The offenses occurred in the same small house within a space of approximately three hours. The same persons were present or in close proximity during the commission of each of the offenses. Joinder of the sexual misconduct charges with the marijuana charges was clearly proper.

Where the statutory requirements for joinder are met, such joinder may nevertheless be improper if substantial prejudice can be shown. ▉ Prejudice will not be assumed and must be clearly established by the defendant (*Williams* v. *Superior Court* (1984) 36 Cal.3d 441 [204 Cal. Rptr. 700, 683 P.2d 699]). ▉ The prejudice claimed by the defendant was the fact that he would have employed different trial tactics if the charges were tried separately. Specifically, he would not have testified in the marijuana trial.

The fact that one count is stronger or weaker than another, or that defendant might elect to use different trial tactics where counts are joined, does not deny the trial court discretion to refuse severance. Such a showing does not amount to substantial prejudice and does not require reversal of the trial judge's decision. (*People* v. *Brock* (1967) 66 Cal.2d 645 [58 Cal.Rptr. 321, 426 P.2d 889]; *People* v. *Matson* (1974) 13 Cal.3d 35 [117 Cal.Rptr. 664, 528 P.2d 752].)

### III

Defendant also complains that his motion to set aside the information pursuant to Penal Code section 995 should have been granted. He says there was insufficient evidence to support the magistrate's finding that there was reasonable and probable cause to believe him guilty of the charged offenses. He contends that there is no evidence of force which is a necessary element of the offenses charged in counts I and II. He also contends that a violation of section 11361 of the Health and Safety Code cannot be supported because there is insufficient evidence that the substance was in fact marijuana. He also claims that there is no evidence establishing that it was the defendant who furnished the marijuana to the minors.

We should begin this discussion by reiterating the standards to be applied by the reviewing court on a motion brought pursuant to section 995 of the Penal Code. The principles are so well known as to make it unnecessary to cite the numerous cases in which they have been developed. A good summary of the applicable principles is found in the following language from the oft-quoted case of *Rideout* v. *Superior Court* (1967) 67 Cal.2d 471, 474 [62 Cal.Rptr. 581, 432 P.2d 197]: "Evidence that will justify a prosecution need not be sufficient to support a conviction. [Citations.] ' "Probable cause is shown if a man of ordinary caution or prudence would be led to believe and conscientiously entertain a strong suspicion of the guilt of the accused." ' . . . An information will not be set aside or a prosecution thereon prohibited if there is some rational ground for assuming the possibility that an offense has been committed and the accused is guilty of it. [Citations.] [¶] A reviewing court may not substitute its judgment as to the weight of the evidence for that of the magistrate, and, if there is some evidence to support the information, the court will not inquire into its sufficiency. [Citations.] Every legitimate inference that may be drawn from the evidence must be drawn in favor of the information. [Citations.]"

Applying the above standards to the case before us we find that there was sufficient evidence presented at the preliminary hearing to hold the defendant to answer the charge. With respect to the charges of forcible

rape and forcible child molestation we see evidence that the child was found standing naked in the bathroom with the defendant beside her. She appeared to have been crying. Her hands covered her genital area and she complained of pain. Subsequent medical examination revealed a grip type injury on her arm. There were also scratches, lacerations and discoloration in the genital area from which the use of force could be inferred.

■ Defendant complains that the witness who identified the substance as marijuana was not qualified to do so. At the preliminary hearing Trisha Zepeda testified that the substance was marijuana. She has smoked marijuana before. It smelled like marijuana and had the same effect on her that she had experienced when she smoked marijuana in the past. Identification of a substance such as marijuana may be made by the user if there is evidence showing the user knows the nature of the drug due to past use and if there is testimony as to the reactions he or she experienced while under the influence. (*People* v. *Partin* (1967) 254 Cal.App.2d 89 [62 Cal.Rptr. 59]; *In re Waylon M.* (1982) 129 Cal.App.3d 950 [181 Cal.Rptr. 413].)

■ There is also sufficient evidence from which the magistrate could conclude that the defendant furnished marijuana to the two minors even though another may have handed them the drug. The evidence presented at the preliminary hearing along with reasonable inferences that could be drawn therefrom indicates that the defendant entered the house and found Pete, Trisha and 17-year-old Annette seated at the table. He showed them a plastic bag containing marijuana. All four persons including the minor and the defendant participated in smoking the marijuana. While they were smoking Frank Antimo who was 17 years old came into the house. Frank asked the defendant where he got the marijuana and defendant replied that he had purchased it from a friend. Frank then left the house and returned in five minutes with a bong. Some of the marijuana brought into the house by defendant was then placed in the bong and was smoked by Frank and defendant. Under the circumstances presented here it is clear that the defendant provided marijuana for the use of all present including the two minors. The fact that another adult such as Trisha may have actually handed the stuff to the minors cannot be said to constitute some sort of intervening cause that relieves the defendant of liability.

## IV

At the conclusion of the prosecution's case the defendant made a motion for acquittal pursuant to section 1118 of the Penal Code. There was extensive oral argument before the court ruled. The court denied the motions as to counts II, III and IV. The motion was granted as to count I which charged violation of Penal Code section 261, subdivision (2) (forcible rape). The

court and counsel then discussed other matters before the lunch recess was declared at approximately 12 p.m. At 1:40 p.m. the trial resumed. Before defense counsel began presentation of his case the prosecutor asked the court to clarify its ruling on the motion for acquittal. The prosecutor expressed the opinion that acquittal of the charged offense did not mean that the defendant was acquitted of the necessarily included offense of attempted rape. The court stated that it had not even considered the question of lesser included offenses and asked for further argument from counsel. After extensive argument the court concluded that its prior order did not acquit defendant of the lesser included offense of attempted rape. At the conclusion of the trial the defendant was found guilty of attempted rape.

When the trial court granted the defendant's Penal Code section 1118 motion it was, in effect, directing entry of a judgment of acquittal as to the offense charged in count I. (*People* v. *Moran* (1973) 33 Cal.App.3d 724 [109 Cal.Rptr. 287].)

 Once a judgment is rendered it cannot be altered or changed. Section 473 of the Code of Civil Procedure which permits modification of judgments in civil cases is not applicable in criminal cases. (*Smith* v. *Superior Court* (1981) 115 Cal.App.3d 285 [171 Cal.Rptr. 387].) Once a judgment has been rendered in a criminal action the trial judge is without power or authority to change or modify or correct the judgment except for purely clerical errors. This is true even though a judge may have forgotten or overlooked some significant factor. (*In re Candelario* (1970) 3 Cal.3d 702 [91 Cal.Rptr. 497, 477 P.2d 729]; *People* v. *Hartsell* (1973) 34 Cal.App.3d 8 [109 Cal.Rptr. 627]; *People* v. *Mesa* (1975) 14 Cal.3d 466 [121 Cal.Rptr. 473, 535 P.2d 337]; *In re Van Heflin* (1976) 58 Cal.App.3d 131 [128 Cal.Rptr. 257]; *People* v. *Drake* (1981) 123 Cal.App.3d 59 [176 Cal.Rptr. 186].)

 Since the court had no jurisdiction to modify or correct its judgment, its decision can only be construed as one of legal interpretation. The court determined that the judgment of acquittal of the offense of forcible rape did not constitute an acquittal of the lesser included offense of attempted forcible rape. It is this decision that defendant claims is in error.

Defendant's argument is based on the constitutional protections against double jeopardy. The respondent says that this is not really a double jeopardy question. The respondent is correct. The double jeopardy rule acts as a bar to subsequent prosecution, i.e., the filing and pressing of a new action. (*Burrus* v. *Municipal Court* (1973) 36 Cal.App.3d 233 [111 Cal.Rptr. 539].) The rule has no application where there is one prosecution involving multiple offenses. (*People* v. *Tideman* (1962) 57 Cal.2d 574 [21 Cal.Rptr.

207, 370 P.2d 1007]; *People* v. *Berutko* (1969) 71 Cal.2d 84 [77 Cal.Rptr. 217, 453 P.2d 721]; *Burrus* v. *Municipal Court, supra,* 36 Cal.App.3d 233.) It is sometimes said that the rule reflects the defendant's right to have his trial completed by a particular tribunal. (*Arizona* v. *Washington* (1978) 434 U.S. 497 [54 L.Ed.2d 717, 98 S.Ct. 824].) We conclude therefore, that although Penal Code sections 1023 and 1118.2 would prevent a subsequent prosecution, neither section prevents the court from considering lesser included offenses in the same trial after a judgment of acquittal has been rendered as to the greater offense. (*Stone* v. *Superior Court* (1982) 31 Cal.3d 503 [183 Cal.Rptr. 647, 646 P.2d 809].)

 The cases which hold that a judgment of acquittal of a greater offense does not encompass an acquittal of a lesser included offense fall in two general categories. The first group are the cases in which the lesser included offenses are alleged as separate counts in the complaint or information (see *People* v. *Webb* (1967) 66 Cal.2d 107 [56 Cal.Rptr. 902, 424 P.2d 342, 19 A.L.R.3d 708]; *People* v. *Allen* (1974) 41 Cal.App.3d 196 [115 Cal.Rptr. 839]). The second category includes those cases in which the information charges only the greater offense with the jury being asked to return a separate verdict on a lesser included offense. (*Stone* v. *Superior Court, supra,* 31 Cal.3d 503.)

It is important to distinguish these two groups of cases from those cases in which the information charges only the greater offense and the question of the lesser included offense is not submitted to the jury. In those cases an acquittal of the greater offense not only bars subsequent prosecution but also constitutes an acquittal of the lesser included offense. (*People* v. *Doolittle* (1972) 23 Cal.App.3d 14 [99 Cal.Rptr. 810]; *People* v. *Poon* (1981) 125 Cal.App.3d 55 [178 Cal.Rptr. 375].) On several occasions *Menjou* v. *Superior Court* (1932) 128 Cal.App. 117 [16 P.2d 1007], has also been cited for the proposition that an acquittal of a greater offense is also an acquittal of the lesser offense. *Menjou* was disapproved in *Stone* v. *Superior Court, supra,* to the extent that its holding was inconsistent with that case. Our reading of *Stone* convinces us that the disapproval of *Menjou* extends only to those cases where the lesser included offense has been submitted to the jury and where the jury has been unable to agree on a verdict. In discussing the *Menjou* case the *Stone* court said: "The result in *Menjou* rests solely on its interpretation of the language of section 1023. That language, we believe, envisions the situation in which a jury acquits a defendant of the greater offense, yet remains silent as to the lesser offense. In that event, it would be unfair to subject the defendant to another trial, because the probable intent of the jury was to *acquit* him of the lesser offense as well." (31 Cal.3d at p. 521, italics added.)

██ We must conclude, therefore, that when the court acquitted the defendant of the charged crime of forcible rape without mention of any lesser included offense, the judgment of acquittal also included the lesser offense of attempted forcible rape. This does not mean that the court was without power to limit its judgment solely to the greater offense leaving the question of defendant's guilt or innocence of the lesser included offense to be determined in due course during the trial. Since counsel did not request separate consideration of lesser included offenses and since the court did not, on its own motion, indicate an intent to limit its ruling solely to the greater offense, we must conclude that the judgment rendered encompasses all offenses. Once the judgment was rendered the court was without jurisdiction to reconsider or change it. The conviction of the lesser included offense of attempted rape must therefore be reversed.

## V

The defendant next contends that the court erred in sentencing defendant to the upper term of eight years for the Penal Code section 288 conviction. In sentencing the defendant for this offense the court found the following four factors in aggravation: (1) the victim was particularly vulnerable; (2) the defendant occupied a position of trust and confidence; (3) the defendant was on probation at the time of the offense; and (4) the defendant's prior performance on probation was unsatisfactory.

The court also found the following factors in mitigation: (1) an insignificant prior record; and (2) defendant may have been suffering from a condition that reduced his culpability because of his use of alcohol and marijuana.

With respect to the first two factors in aggravation the court stated: "I am finding that the victim was particularly vulnerable not only because of her age, and I am consciously aware of the cases that talk about age being determined by the legislature to be by law evidence of vulnerability, but also I am considering the relationship with the defendant, living in the home and being closely acquainted with the defendant. [¶] I find that circumstance in aggravation to be true."

██ Defendant argues that the court is prohibited from finding that the victim is particularly vulnerable based on her age since age is already an element of the offense. (Cal. Rules of Court, rule 441(d); *People* v. *Flores* (1981) 115 Cal.App.3d 924 [171 Cal.Rptr. 777].) ██ It is true that a court cannot base a finding of vulnerability in a case like this on the age of the victim alone. However, that is not to say that there are not situations in which a minor under the age of 14 may be determined to be particularly

vulnerable because of other factors that exist. Some of the potential factors which have been recognized are mental deficiency, physical handicaps, intoxication, supervision or control of a defendant over a victim, and extreme youth within the given age range. (*People* v. *Ginese* (1981) 121 Cal.App.3d 468 [175 Cal.Rptr. 383].) ▮▮▮ Here the trial court specifically alluded to cases such as *People* v. *Flores, supra,* 115 Cal.App.3d 924, and stated that his finding of vulnerability was based not only on age but also on the relationship with the defendant. The victim was two and oné-half years old. This extreme youth coupled with her close relationship to the defendant clearly supports the court's finding of vulnerability. (*People* v. *Ginese, supra,* 121 Cal.App.3d 468; *People* v. *Garcia* (1983) 147 Cal.App.3d 1103 [195 Cal.Rptr. 494].)

▮▮▮ As a secondary argument the defendant tells us that if we use the relationship of the defendant to the victim to support a finding of vulnerability we cannot also use the same relationship to sustain the second factor in aggravation which is based on the defendant's position of trust and confidence in the household. It does appear that these factors are two sides of the same coin. The significant circumstance is the relationship between the defendant and the victim. The circumstances that placed the defendant in a position of trust and confidence were identical to the circumstances which placed the victim in a position of vulnerability. For this reason the court probably should not have considered rule 421(a)(12) as a separate factor in aggravation. We note that the court, in finding that the factors in aggravation outweighed the factors in mitigation, specifically stated that it was not "just adding up the numbers." It is apparent that it considered the totality of the circumstances and did not indulge in any sort of mechanical computations based on court rules. Although this may be error in the technical sense it is not sufficient to warrant a remand for resentencing. We have made a quantitative and qualitative analysis of the factors in aggravation and mitigation. This convinces us that remand would not benefit the appellant. (*People* v. *Lambeth* (1980) 112 Cal.App.3d 495 [169 Cal.Rptr. 193].)

Defendant also contends that the court should not have imposed a full term consecutive sentence for the violation of Penal Code section 288, subdivision (b). His argument is without merit. The reasons for the court's sentencing choice are clearly set forth in the record. The choice made was well within the court's discretion. (*People* v. *Belmontes* (1983) 34 Cal.3d 335 [193 Cal.Rptr. 882, 667 P.2d 686].)

▮▮▮ Finally, defendant complains that the court did not recite for the record the factors in aggravation and mitigation which were considered in selecting the midterm sentence for the violation of Health and Safety Code section 11361. Although the court is required to make such a recitation

when either the upper or lower prison term is selected, it is not necessary when the sentence imposed is the midterm. (Cal. Rules of Court, rule 439.)

## CONCLUSION

The judgment of conviction of attempted rape is reversed. The judgment is affirmed in all other respects.

Gilbert, Acting P. J., and Abbe, J., concurred.

Appellant's petition for review by the Supreme Court was denied July 17, 1985.