[No. H006636. Sixth Dist. Mar. 8, 1990.]

THE PEOPLE, Petitioner, v.
THE SUPERIOR COURT OF SANTA CLARA COUNTY,
Respondent;
RAYMOND G. KNEIP, Real Party in Interest.

236

**COUNSEL**

Leo Himmelsbach, District Attorney, and Thang Nguyen Barrett, Deputy District Attorney, for Petitioner.

No appearance for Respondent.

Tondreau, Schroeder, Pointer & Swanberg and Wesley J. Schroeder for Real Party in Interest.

**OPINION**

**PREMO, Acting P. J.**—Defendant and real party in interest Raymond G. Kneip is charged with 34 counts of committing lewd or lascivious acts with

a child under the age of 14 (Pen. Code, § 288, subd. (a)),[1] and 8 counts of committing lewd or lascivious acts with a child under the age of 14 by use of force, violence, duress, menace, or fear of immediate and unlawful bodily injury (§ 288, subd. (b)). The People seek a writ of mandate following the trial court's dismissal under section 995 of eight counts of the information. They contend dismissal as to four such counts charging lewd acts with force (counts 3, 4, 6, 7) was error, because the evidence taken at the preliminary hearing supports the charges.

 Writ review by the People of a dismissal under section 995 is authorized. (*People* v. *Superior Court* (*Day*) (1985) 174 Cal.App.3d 1008 [220 Cal.Rptr. 330].) The legal issue presented by the petition is whether defendant must have exercised some physical coercion on the victims in order to be charged with the section 288, subdivision (b) offenses, or whether coercion can be implied from the circumstances and psychological pressure. We will issue the writ because the trial court erroneously determined as a matter of law that the minor victims of the charged sex offenses were not subjected to duress, when the issue here is actually a factual one which should be resolved by the jury.

It is unnecessary to recite the entire record of evidence presented. Defendant is accused of molesting, sodomizing, and orally copulating his two sons, Doe and Roe, and the son of a neighbor, Trevor M., over a period of years between approximately August 1983 and June 1986. Trevor was between five and eight years old at the time of the offenses; Doe was between four and seven years of age; Roe was between three and six years of age. The victims of the counts here in issue are Trevor (counts 3 and 4) and Doe (counts 6 and 7). Those counts all arise out of an incident which Trevor testified took place in the bedroom of defendant's daughter (hereafter, M).

Trevor testified that sex acts took place between defendant, himself and Roe, in M's bedroom. Defendant said they would have to touch his penis or he would tell their baby-sitter that they did. Trevor said: "And we didn't want her to know, so we—" This is all the evidence presented for this particular incident.

As to the other incidents, both Trevor and his mother testified extensively. Trevor testified to various acts of sex, and his mother testified to observing various symptoms that something was wrong (such as frequently finding stool in the boy's underwear), until eventually she consulted professionals and came to believe that the boy and defendant's sons were being molested.

---

[1] Further statutory references are to the Penal Code unless otherwise specified.

The two sons of defendant gave no useful evidence; the younger, Roe, denied on the stand that his father had molested him, although he had previously accused him when talking to the probation investigator; and the older son, the victim of two of the counts in question, did not testify at the preliminary hearing.

 In his moving papers on the section 995 motion, defendant argued that the case of *People* v. *Pitmon* (1985) 170 Cal.App.3d 38 [216 Cal.Rptr. 221], holds that psychological coercion is not an indictable act under section 288, subdivision (b). However, that statement is inaccurate. *Pitmon* says that the statute requires that either force or duress be used in accomplishing the lewd act on the child. Psychological coercion is not the equivalent of force. (*Id.* at p. 50, fn. 9.) However, the opinion says such coercion may amount to duress, and that such duress depends upon the total circumstances including the age of the victim, his relationship to defendant, and the relative physical vulnerability of the child. (*Id.* at p. 51.) "A finding of force is clearly not necessary for a conviction under section 288, subdivision (b)." (*Id.* at p. 53.)

Further, *Pitmon* reviewed the evidence developed at trial, after appeal from a conviction. Here we deal with a lesser quantum of required proof because the issue is sufficiency of the evidence to bind defendant over for trial. The standard is whether there is some rational ground to assume the possibility that an offense has been committed and the accused is guilty of it. (*People* v. *Superior Court* (*Smart*) (1986) 179 Cal.App.3d 860, 864 [225 Cal.Rptr. 62]; *Rideout* v. *Superior Court* (1967) 67 Cal.2d 471, 474 [62 Cal.Rptr. 581, 432 P.2d 197]; *People* v. *Garcia* (1985) 166 Cal.App.3d 1056, 1065 [212 Cal.Rptr. 822].) As *Pitmon* points out, duress is a factual question, and it is therefore for the jury to determine, after considering all the circumstances, whether defendant is guilty.

Here, the evidence which could form the basis for conviction includes the long-standing relationship of trust which had developed between Trevor and defendant; Trevor frequently visited the home and played with defendant's sons, and Trevor's mother was friends with defendant and defendant's wife. Trevor was thus particularly vulnerable to an exercise of authority by defendant. Additionally, the alleged acts took place in an isolated room out of the presence of other adults, and the boy was threatened with humiliation and shame if he did not cooperate. Also, Trevor testified that in some of the incidents of sexual molestation, defendant overtly coerced him; for example, on one occasion by saying he would be spanked with a belt if he did not cooperate. Defendant's threat to tell the baby-sitter a humiliating lie, against this background, can be considered coercive. It is similar to the

threat of punishment and restriction held sufficient to convict a defendant accused of sexual intercourse with his 13-year-old stepdaughter. (*People* v. *Bergschneider* (1989) 211 Cal.App.3d 144, 154 [259 Cal.Rptr. 219].) And *Bergschneider* holds it is for the jury to determine if coercion exists under the circumstances. (*Ibid*.) Where the defendant is a family member and the victim is young, other courts have also looked to factors such as the position of dominance and authority of the defendant and his continuous exploitation of the victim in determining the existence of force or fear. (E.g., *People* v. *Montero* (1986) 185 Cal.App.3d 415, 424 [229 Cal.Rptr. 750] [forcible rape]; *People* v. *Jones* (1984) 155 Cal.App.3d 153, 169 [202 Cal.Rptr. 162].)

In opposition here, defendant argues that the two cases cited above (*Pitmon* and *Bergschneider*), as well as a third recent case with similar issues (*People* v. *Sanchez* (1989) 208 Cal.App.3d 721, 746 [256 Cal.Rptr. 446]), all involved more physical coercion than is present here. That is true, but it does not resolve the issue whether duress must always involve something more than threatened humiliation. None of these three cases so holds. The existence of duress is a factual matter and cannot usually be determined on a section 995 motion. Here, there are too many variables: the possible changes in willingness to testify by the young victims, nuances of expression and body language accompanying their testimony, possible expert evidence shedding further light on its significance, and more. For example, defendant argues that the record does not unambiguously demonstrate that defendant's threats to spank Trevor preceded the incident in M's bedroom. ▪ The evidence need not be unambiguous for purposes of a bindover; raising a reasonable possibility of guilt suffices. (*Rideout* v. *Superior Court, supra*, 67 Cal.2d 471.)

We conclude the trial court should not have dismissed the four counts in question, and that the entire case should go to the jury.

Defendant and real party in interest has been notified that a peremptory writ in the first instance could be issued here, and he has filed opposition. The peremptory writ of mandate will issue in the first instance. (Code Civ. Proc., § 1088; *Palma* v. *U.S. Industrial Fasteners, Inc.* (1984) 36 Cal.3d 171, 177-182 [203 Cal.Rptr. 626, 681 P.2d 893].)

Let a writ of mandate issue as prayed, ordering the respondent court to vacate its order dismissing eight counts of the information, and instead to make a new and different order denying defendant's Penal Code section 995 motion as to the four counts in issue here (counts 3, 4, 6, 7). Our stay of

proceedings in this matter is vacated immediately. The finality of this opinion shall be effective immediately as to this court. (Cal. Rules of Court, rule 24(a).)

Elia, J., and Bammattre-Manoukian, J., concurred.