Filed 8/26/15  P. v. Delena CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E061261 |
| v. | (Super.Ct.No. FVI1101849) |
| DAVID IGNACIO DELENA, JR., | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County.  Elia V. Pirozzi, Judge.  Affirmed.

Steven A. Torres, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Arlene A. Sevidal, and Sean M.

Rodriguez, Deputy Attorneys General, for Plaintiff and Respondent.

# I

## INTRODUCTION[1]

Defendant David Ignacio Delena Jr. molested his two stepdaughters.  A jury convicted defendant of two counts of continuous and substantial sexual abuse of a child under the age of 14 with special allegations for multiple victims.  (§§ 288.5, subd. (a), and 667.61, subds. (b) and (e).)  We affirmed the judgment in a previous appeal (E056696) but remanded to the trial court for resentencing on count 1 and for the court to exercise its discretion as to whether the sentences should be consecutive.

On April 4, 2014, the trial court sentenced defendant to the upper term of 16 years on count 1 under section 288.5 and a consecutive indeterminate sentence of 15 years to life on count 2.  On appeal, defendant argues the trial court abused its discretion by imposing the upper term of 16 years, instead of the middle term of 12 years, on count 1.  We disagree and affirm the judgment.

# II

## FACTUAL AND PROCEDURAL BACKGROUND

*A.  Testimony on Count 1*

As set forth in greater detail in our previous opinion, defendant repeatedly molested both his stepdaughters when they were between the ages of 10 and 14. Defendant argues the trial court abused its discretion when it imposed the upper term of

---

[1]  All statutory references are to the Penal Code.

16 years on count 1, which involved conduct against Z.R. Z.R. testified that, when she was 10 years old, defendant began touching and rubbing her sexually. When she was in middle school, defendant vaginally penetrated her. On other occasions, defendant tackled her in a bedroom and a hallway and tried to assault her.

For ease of reference, we incorporate our previous opinion's account of Z.R.'s testimony:

"Defendant would tackle Z.R. and smack her buttocks with frequency. He rubbed against her while she was on the floor and made her uncomfortable. . . .

"Defendant started sexually touching Z.R. in the fourth grade when she was 10 years old . . . in 2003. Defendant would touch her breasts, rub against her buttocks, and touch her genitals over her clothes. It happened every day, more than 50 times, and for longer periods than others, depending on whether other people were around. She did not complain because she was afraid of defendant and did not want to cause trouble in the family.

"Z.R. specifically remembered three incidents . . . . [¶] . . . On a summer night, Z.R. and her brothers and sisters were asleep. When Z.R. awoke, defendant was on top of her and his penis was inside her vagina. Defendant whispered to her that he 'wanted her' and was moving up and down on her. He did not ejaculate. She did not disclose the incident because she did not want anyone to be mad at her.

"A second incident occurred when . . . Z.R. was 13 years old or younger. Z.R. had just finished showering and was wearing a robe. Defendant pushed her on the bed,

3

opened her robe, and got on top of her while clothed. She screamed and ran from the room and told her mother, who was in the shower. Then she went to the garage to get some clothes from the dryer. Defendant followed her and told her no one would believe her. A third incident happened . . . when defendant rubbed against her in the hallway after tackling her to the floor."

*B. Resentencing on Count 1*

After remand following the first appeal, the trial court conducted a resentencing hearing. The prosecutor argued there were no mitigating factors and the aggravating factors included that defendant had assaulted two vulnerable minor victims; he had an extensive criminal history; and he had violated a position of trust.

Defense counsel argued the court should impose the middle term of 12 years because defendant's conduct was not sufficiently egregious to justify an aggravated sentence of 16 years, in conjunction with an indeterminate sentence of 15 years to life.

The trial court imposed the aggravated term, reasoning: "The crime involves great violence, [great] bodily injury, great threat of great bodily harm, and or other facts of high cruelty, egregiousness, and callousness. [¶] The victim was particularly vulnerable as a result of the age and unsophistication of the victim, as well as the circumstances she was placed in as a result of the defendant's actions. The defendant took advantage of a position of trust or confidence to commit the offense by virtue of, among other factors, the relationship between he and the victim as a stepfather and father figure. The defendant's prior convictions as an adult are numerous, which include both felonies and

4

misdemeanors. I believe two felonies and four misdemeanors, convictions of approximately six in total. A fact, which is relied upon by the Court in selecting the aggravated term for this subject crime." The court did not find any mitigating circumstances.

III

DISCUSSION

We review trial court's sentencing decision for an abuse of discretion, as to whether it "exceeds the bounds of reason." (*People v. Giminez* (1975) 14 Cal.3d 68, 72.) "The trial court's sentencing discretion must be exercised in a manner that is not arbitrary and capricious, that is consistent with the letter and spirit of the law, and that is based upon an 'individualized consideration of the offense, the offender, and the public interest.'" (*People v. Sandoval* (2007) 41 Cal.4th 825, 847.) The trial court should not rely on irrelevant circumstances or improper grounds. A trial court is "required to specify reasons for its sentencing decision, but will not be required to cite 'facts' that support its decision or to weigh aggravating and mitigating circumstances." (*Sandoval,* at pp. 846-847.) Under California's determinate sentencing law, "a trial court is free to base an upper term sentence upon any aggravating circumstance that the court deems significant, subject to specific prohibitions." (*Id.* at p. 848.) "[T]he existence of a single aggravating circumstance is legally sufficient to make the defendant eligible for the upper term." (*People v. Black* (2007) 41 Cal.4th 799, 813.)

The California Rules of Court describe the aggravating and mitigating factors on

which a sentencing judge may rely in choosing among the three possible terms. (Cal. Rules of Court, rules 4.420, 4.421, 4.423, 4.428.) The factors used in selecting the sentence must be supported by a preponderance of the evidence in the record. (*People v. Scott* (1994) 9 Cal.4th 331, 349-350; Cal. Rules of Court, rule 4.420(b).) The factors on which the sentencing court relies must be "reasonably related to the decision being made." (Cal. Rules of Court, rule 4.408(a).) Here the factors considered should be relevant to the decision about whether the circumstances of the offense and defendant's personal characteristics "establish a danger to society sufficient to justify such a prolonged period of imprisonment." (*In re Rodriguez* (1975) 14 Cal.3d 639, 655.)

Selection of the upper term must be based on the existence of aggravating factors. (§§ 1170, subd. (b), 1170.1, subd. (a); Cal. Rules of Court, rule 4.420(b).) An "aggravating" fact is one which makes a particular offense "distinctively worse than the ordinary" offense. (*People v. Moreno* (1982) 128 Cal.App.3d 103, 110; *People v. Price* (1984) 151 Cal.App.3d 803, 813.) Defendant contends his offense against Z.R. was not distinctively worse than other similar sex crimes.

Defendant first argues his crime did not involve great violence, threat of violence, or particular vulnerability. We disagree. Defendant groped Z.R. continuously for several years. He used physical force against her. She described him tackling her and hitting her on the buttocks. He raped her while she was sleeping and used force against her on two other specific occasions that she remembered. She did not report what was happening because she was afraid of him.

6

The foregoing also demonstrates that Z.R. was a particularly vulnerable victim. (*People v. Spencer* (1996) 51 Cal.App.4th 1208, 1223; *People v. Bloom* (1983) 142 Cal.App.3d 310, 321; *People v. Smith* (1979) 94 Cal.App.3d 433, 436.) The victim's incapacity when she was asleep during the rape, her fear of disclosing the molestations, and defendant's physical control of the victim are factors which made Z.R. a particularly vulnerable victim. (*People v. Loudermilk* (1987) 195 Cal.App.3d 996, 1007; *People v. Garcia* (1985) 166 Cal.App.3d 1056, 1069-1070.) Furthermore, defendant indisputably took advantage of a position of trust as defendant's stepfather. (Cal. Rules of Court, rule 4.421(a)(11); *People v. Jones* (1992) 10 Cal.App.4th 1566, 1577; *People v. Clark* (1992) 12 Cal.App.4th 663, 666; *People v. Belasco* (1981) 125 Cal.App.3d 974, 984.)

Defendant's criminal history was also an aggravating factor. (Rule 4.421(b)(2); *People v. Black, supra,* 41 Cal.4th at p. 818.) His theft and drug offenses in 1998, 1999, and 2000 and his domestic violence offenses in 2010 and 2011 are germane to the issue of defendant's personal characteristics and his potential dangerousness to society.

Finally, any error was harmless: "In order to determine whether error by the trial court in relying upon improper factors in aggravation requires remanding for resentencing 'the reviewing court must determine if "it is reasonably probable that a result more favorable to the appealing party would have been reached in the absence of the error." (*People v. Watson* [(1956)] 46 Cal.2d [818, 836].)' [Citation.] However, '[the] statutory preference for imposition of the middle term, when coupled with the requirement that aggravating circumstances must outweigh mitigating circumstances

before imposition of the aggravated term is proper, creates a presumption.' [Citation.] Thus, the reviewing court may not simply ask whether the imposed sentence would be 'wholly unsupported or arbitrary in the absence of error' but must also reverse where it cannot determine whether the improper factor was determinative for the sentencing court. [Citation.]" (*People v. Avalos* (1984) 37 Cal.3d 216, 233; *People v. Jones* (2009) 178 Cal.App.4th 853, 861.)

The court imposed the upper term based on at least four aggravating factors and no mitigating factors. A single aggravating factor suffices to support the upper term. (*People v. Black, supra,* 41 Cal.4th at p. 813*; People v. Osband* (1996) 13 Cal.4th 622, 730.) There was no reasonable probability of a more favorable sentence.

IV

DISPOSITION

The trial court did not abuse its discretion by imposing the upper term of 16 years on count 1 in addition to the indeterminate sentence of 15 years to life on count 2. We affirm the judgment.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

CODRINGTON
J.

We concur:

RAMIREZ
P. J.

HOLLENHORST
J.

8