Filed 4/4/16  P. v. Salmeron CA2/3

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | B261507 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. NA089167) |
| v. | |
| FIDEL SALMERON, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Tomson T. Ong, Judge.  Affirmed.

David M. Thompson, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Lance E. Winters, Assistant Attorney General, Victoria B. Wilson and Garett A. Gorlitsky, Deputy Attorneys General, for Plaintiff and Respondent.

Defendant Fidel Salmeron appeals from a judgment entered after a jury found him guilty of committing a lewd act upon a child under 14. (Pen. Code, § 288, subd. (b)(1).)[1] The victim was defendant's daughter, who was ten years old at the time he molested her. The trial court sentenced defendant to the upper term of eight years in state prison. Defendant appeals, contending the trial court abused its discretion when it selected an upper term of imprisonment. We disagree and affirm the judgment.

## FACTUAL AND PROCEDURAL BACKGROUND

On or about September 23, 2008, R.S. walked into her mother's room crying and said defendant, her father, had sexually abused her. R.S.'s mother confronted defendant and he moved out of the house. The following day, R.S.'s mother took her to UCLA Medical Center for an examination. At the hospital, R.S. told a police officer that defendant had forcibly raped her, inserted his penis into her mouth, kissed her on the mouth, and forced her to touch his penis with her hand.

Defendant was arrested on November 7, 2012.[2] He was charged by first amended information with three counts of lewd acts upon a child under 14 (§ 288, subd. (a); counts 1, 13 and 14), one count of continuous sexual abuse of a child (§ 288.5, subd. (a); count 2), one count of committing a forcible lewd act upon a child under 14 (§ 288, subd. (b)(1); count 4), one count of oral copulation or sexual penetration of a child under 10 (§ 288.7, subd. (b); count 6), and one count of sexual intercourse or sodomy with a child under 10 (§ 288.7, subd. (a); count 10).[3]

Defendant pled not guilty. The court granted defendant's motion to dismiss counts 13 and 14 as untimely pursuant to section 1385.

---

[1] All further statutory references are to the Penal Code, unless otherwise stated.

[2] It appears defendant's whereabouts were unknown after the abuse was reported and until he was arrested.

[3] The first amended information also charged defendant with sexually abusing another victim.

At trial, R.S. testified that between May 26, 2007 and September 22, 2008, defendant molested her in his bedroom almost every time her mother went to work. On the evening of September 22, 2008, after R.S. took a shower, defendant told her to go to his bedroom. After she entered the bedroom, he locked the door and took off her towel. He "grabbed [her] by [the] wrist" and "forced [her] to grab his penis." She was scared and tried to pull her hand away. Defendant told her "if [she] didn't do what he told [her] to do, he would hit [her]." Defendant had hit her in the past. Defendant then raped R.S.

Following a jury trial, defendant was found guilty of one count of committing a forcible lewd act upon a child under 14 with respect to the events on September 22, 2008. (§ 288, subd. (b)(1).) The jury acquitted defendant of the other charges.

The People filed a sentencing memorandum seeking the upper term of eight years. The prosecutor argued that R.S. was particularly vulnerable because she was defendant's daughter, she was 10 years old, and the offense happened at her home when no other adults were present. The prosecutor also argued that defendant took advantage of a position of trust because he was her father.

At the sentencing hearing, defense counsel argued that R.S. was not particularly vulnerable in comparison with other victims of this crime, and the aggravating factor of abuse of a position of trust is "really directed towards people outside the family . . . ." Defense counsel noted that defendant had no criminal record and asked for the midterm of six years in state prison.

The court imposed the upper term of eight years, reasoning "the victim is particularly vulnerable. The victim was at home. . . . [¶] [She] is the nine- or ten-year-old daughter of [defendant], was particularly vulnerable as a child, number one. [¶] Number two, the court also finds that the defendant took advantage of his position of trust or confidence. This is even worse than a pri[e]st or [a] teacher. He is the biological father. The trust should be greater as opposed to lesser. Either one of those aggravating factors so substantially outweighs the only mitigating factor presented in this case, which is he had no prior record. I believe the high term is warranted." Defendant timely appealed.

3

Defendant contends the trial court erred in (1) basing its vulnerability finding solely on the victim's age, (2) considering defendant's relationship to his daughter in support of two aggravating factors, and (3) failing to accord proper weight to the mitigating circumstance that he had no criminal record.[4]

*DISCUSSION*

Section 288, subdivision (b)(1) provides that any person who commits a lewd or lascivious act upon a child under 14 "by use of force, violence, duress, menace, or fear of immediate and unlawful bodily injury on the victim or another person, is guilty of a felony and shall be punished by imprisonment in the state prison for three, six, or eight years."[5]

Section 1170, subdivision (b), provides in part: "When a judgment of imprisonment is to be imposed and the statute specifies three possible terms, the court shall order imposition of the middle term, unless there are circumstances in aggravation or mitigation of the crime." California Rules of Court, rule 4.420 provides: "(a) When a sentence of imprisonment is imposed . . . the sentencing judge must select the upper, middle, or lower term on each count for which the defendant has been convicted, as provided in section 1170(b) and these rules. [¶] (b) In exercising his or her discretion in selecting one of the three authorized prison terms referred to in section 1170(b), the sentencing judge may consider circumstances in aggravation or mitigation, and any other factor reasonably related to the sentencing decision." (Cal. Rules of Court, rule 4.420(a), (b).) Circumstances in aggravation include "[t]he victim was particularly vulnerable" and

---

**4** The Attorney General asserts defendant forfeited any error by failing to object on these grounds below. (See *People v. Scott* (1994) 9 Cal.4th 331, 356 ["[C]omplaints about the manner in which the trial court exercises its sentencing discretion and articulates its supporting reasons cannot be raised for the first time on appeal."].) However, we need not reach this issue as we conclude that defendant's arguments are without merit.

**5** Defendant's conviction was punishable under the 2008 version of section 288, subdivision (b)(1). (*People v. Grant* (1999) 20 Cal.4th 150, 158.)

"[t]he defendant took advantage of a position of trust or confidence to commit the offense." (Cal. Rules of Court, rule 4.421(a)(3), (11).)

"Generally, determination of the appropriate term is within the trial court's broad discretion [citation] and must be affirmed unless there is a clear showing the sentence choice was arbitrary or irrational [citation]. 'Sentencing courts have wide discretion in weighing aggravating and mitigating factors [citations], and may balance them against each other in qualitative as well as quantitative terms.' [Citation.] One factor alone may warrant imposition of the upper term [citation] and the trial court need not state reasons for minimizing or disregarding circumstances in mitigation [citation]." (*People v. Lamb* (1988) 206 Cal.App.3d 397, 401; see also *People v. Osband* (1996) 13 Cal.4th 622, 728.)

Our review of the sentence is governed by the principle that the trial court's exercise of its "wide discretion must not be disturbed on appeal *except* on a showing that the court exercised its discretion in an arbitrary, capricious or patently absurd manner that resulted in a manifest miscarriage of justice." (*People v. Jordan* (1986) 42 Cal.3d 308, 316.) " 'The burden is on the party attacking the sentence to clearly show that the sentencing decision was irrational or arbitrary. [Citation.] In the absence of such a showing, the trial court is presumed to have acted to achieve legitimate sentencing objectives and its discretionary determination to impose a particular sentence will not be set aside on review.' [Citation.]" (*People v. Superior Court* (*Alvarez*) (1997) 14 Cal.4th 968, 977-978.)

Defendant first contends the court could not base a finding of vulnerability on just the victim's age. " '[P]articular vulnerability' is determined in light of the 'total milieu in which the commission of the crime occurred,' [citation]" and may not be based solely on age when age is an element of the offense. (*People v. Dancer* (1996) 45 Cal.App.4th 1677, 1693-1694 overruled on other grounds in *People v. Hammon* (1997) 15 Cal.4th 1117, 1123.) Here, the trial court's remarks indicate that it did not base its vulnerability finding solely on R.S.'s age. Instead, the court properly determined several circumstances supported the finding: R.S. was at home when defendant molested her, defendant was her biological father, and she was a young child.

5

Defendant next contends the court improperly relied on defendant's relationship to R.S. as support for two aggravating factors:  that the victim was particularly vulnerable and that defendant took advantage of a position of trust.  Defendant cites to *People v. Garcia* (1985) 166 Cal.App.3d 1056 (*Garcia*) where the court found four factors in aggravation.  (*Id.* at p. 1069.)  The *Garcia* court held that the trial court erred in using the relationship of the defendant to the victim to support two of the aggravating factors, the same factors at issue here.  (*Id.* at p. 1070.)  The court stated that "[i]t does appear that these factors are two sides of the same coin.  The significant circumstance is the relationship between the defendant and the victim.  The circumstances that placed the defendant in a position of trust and confidence were identical to the circumstances which placed the victim in a position of vulnerability.  For this reason, the court probably should not have considered [that defendant took advantage of a position of trust] as a separate factor in aggravation."  (*Ibid.*; see also *People v. Clark* (1992) 12 Cal.App.4th 663, 666-667 [holding that abuse of the parental relationship could not be counted as two aggravating circumstances]; *People v. Fernandez* (1990) 226 Cal.App.3d 669, 680 ["Abuse of the parental relationship . . . represents only one aggravating factor, not two. [Citation.]"].)  However, the *Garcia* court concluded that the sentence was justified by the totality of the circumstances.

Here, as in *Garcia*, defendant's relationship to the victim was a significant circumstance supporting both aggravating factors and, therefore, that defendant took advantage of a position of trust should not have been considered a separate aggravating factor.  However, the court expressly stated that either one of the aggravating factors substantially outweighed the sole mitigating factor of defendant's lack of a criminal record.

Defendant acknowledges that a single aggravating factor is sufficient to warrant imposition of the upper term but contends that "considering the nature of the crime, any victim under the age of 14 would more often than not be somewhat vulnerable and a defendant would more often than not violate some position of trust to gain access to the child."  (See *People v. Young* (1983) 146 Cal.App.3d 729, 734 ["Factors may be used to

aggravate when they have the effect of 'making the offense distinctively worse than the ordinary.' [Citation.]"].)  However, the issue is not that the victim was "somewhat" vulnerable, but "particularly" vulnerable.  Her extremely young age and her father's molestation of her at home adequately supported this finding.  The court's conclusion was not irrational or arbitrary such that it was an abuse of discretion:  either the finding that defendant took advantage of his relationship to his daughter to molest her or the finding that she was particularly vulnerable justified the imposition of the upper term regardless of defendant's lack of a criminal record.

## *DISPOSITION*

The judgment is affirmed.


**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**



EDMON, P. J.


We concur:



ALDRICH, J.



LAVIN, J.

7