[Crim. No. 734. Fourth Dist. Mar. 17, 1950.]

THE PEOPLE, Appellant, v. JAMES CLIFFORD SELL, Respondent.

Fred N. Howser, Attorney General, and Frank Richards, Deputy Attorney General, for Appellant.

William Henry Daubney for Respondent.

BARNARD, P. J.—The defendant was charged with a violation of section 480 of the Vehicle Code, it being alleged that while driving an automobile on June 19, 1949, he collided with another automobile, thereby causing injuries to four people, and that he failed to stop, to render reasonable assistance, and to give the information required by section 482. After a preliminary hearing the court found there was probable cause and held him to answer. The People have appealed from an order granting the defendant's motion to quash and dismiss the information which was later filed.

From the evidence received at the preliminary examination the following facts appear. The accident occurred on Highway 101, a short distance north of Encinitas. The highway consisted of four lanes, the easterly two being for northbound travel and the westerly two for southbound travel. Just before the accident the defendant was driving north in the easterly lane, with a car in front of him and one behind him driven by one Deines. These cars were proceeding at about 35 miles per hour. After sounding his horn, Deines drove into the westerly of the northbound lanes for the purpose of passing the other cars. When he was nearly opposite the defendant's car the defendant suddenly pulled over into that lane, striking or "side-swiping" the Deines car. The Deines car swerved to the left and across the double line. At the same time two other cars were coming south, one on the inside lane and one on the outside lane. By maneuvering his car Deines managed to "miss" the first of these cars, but collided with the other one. Deines and three members of his family suffered serious injuries.

In a statement which he signed the next day, the defendant

stated that he did not know what happened after his car collided with another car, and that ''I just drove on. I guess I should have stopped.'' Two witnesses who were riding in a car immediately to the rear of the Deines car, and who saw the accident, testified that the driver of the defendant's car went on a short distance, ''halted'' or ''hesitated a moment,'' and then drove away. These witnesses followed the defendant's car and secured its license number, which they turned over to an officer at the next town. In reply to a question Mr. Deines testified, on cross-examination, that he did not lose control of his car when it was sideswiped by the defendant's car.

The motion to quash and dismiss the information was based on the contention that section 480 of the Vehicle Code was not applicable under the facts thus appearing. In support of the motion it was argued that since Deines did not lose control of his car by reason of its collision with the defendant's car, the injuries subsequently received by those in the Deines car resulted entirely from the second collision; that it thus appears that the injuries were not the result of any collision with the defendant's car; and that it follows that no offense was committed by the defendant. In passing upon the motion the trial judge stated that the case turned on the matter of control, and that since Deines had testified at the preliminary hearing that he did not lose control of his car as a result of the first collision it necessarily followed that he, and not the defendant, was responsible for what took place thereafter.

■ Section 480 of the Vehicle Code is, by its terms, made applicable to the driver ''of any vehicle involved in an accident resulting in injury'' to another person. It seems clear that the word ''involved'' is there used in the sense of being connected with (an accident) in a natural or logical manner. The statute relates to a driver thus involved in such an accident and is in no way made dependent upon whether or not control of a vehicle is retained or lost, or upon who may ultimately be found to have been most at fault. The statute was intended to require certain things from the driver of a vehicle involved in an automobile accident of any kind, resulting in injury to another, regardless of whether or not another vehicle was involved. (*People* v. *Kinney*, 28 Cal.App.2d 232 [82 P.2d 203].)

By turning into the lane occupied by the Deines car and striking that car, the defendant's car inevitably caused the

driver of the Deines car to swerve to his left and into the paths of the other vehicles. There were not two accidents, within the meaning of section 480, but there was one accident with which the defendant's car was connected in a natural and logical manner. While Mr. Deines retained some control of his car the evidence clearly shows that this was not a complete control as he was not free to immediately proceed in the same lane, or turn to the right, but was forced to swerve to his left across the center line. Having been forced into this position of danger by the defendant's car, it is immaterial that he was able to use some control of his own car in attempting to avoid the oncoming vehicles. In modern traffic, accidents of this nature occur in seconds or split seconds, and section 480 was never intended to have the limited application which is inherent in the construction placed upon it by the trial court. Whether or not the defendant was entirely responsible for this accident his vehicle was involved therein, within the meaning of the statute.

The evidence is amply sufficient to show reasonable or probable cause for holding the defendant to answer (*People* v. *Thomas,* 90 Cal.App.2d 491 [203 P.2d 567]), and the trial court's conclusion to the contrary cannot be sustained.

The order appealed from is reversed.

Griffin, J., and Mussell, J., concurred.