Filed 10/28/14

CERTIFIED FOR PUBLICATION


IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)


| | |
|---|---|
| THE PEOPLE, | C072199 |
| Plaintiff and Respondent, | (Super. Ct. Nos. 12F00971 & 12F03331) |
| v. | |
| BRENTON EZEKIEL JAMES, | |
| Defendant and Appellant. | |


APPEAL from a judgment of the Superior Court of Sacramento County, Jack V. Sapunor, Judge. (Retired judge of the Sacramento Super. Ct., assigned by the Chief Justice pursuant to art. VI, § 6 of the Cal. Const.) Reversed.

Alison E. Kaylor, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Carlos A. Martinez, Kari Ricci Meuller, Deputy Attorneys General, for Plaintiff and Respondent.

In case No. 12F03331, a jury found defendant Brenton Ezekiel James guilty of battery against a transportation worker (Pen. Code,[1] § 243.3), assault by means likely to produce great bodily injury (§ 245, subd. (a)(4)), misdemeanor resisting, delaying, and obstructing an officer (§ 148, subd. (a)(1)), and misdemeanor willful harm or injury to a child (§ 273a, subd. (b)).  In a bifurcated proceeding, the trial court found true allegations defendant committed the battery while released from custody in case No. 12F00971 (§ 12022.1) and had one prior strike conviction (§ 667, subd. (b)-(i); § 1170.12).

Case No. 12F03331 was joined with case No. 12F00971 for sentencing. Defendant was sentenced to an aggregate term of 10 years 4 months in state prison.  In case No. 12F03331, defendant was sentenced to six years for assault by means likely to produce great bodily injury and a consecutive two years for the on-bail enhancement. Defendant's sentence for assault against a transportation worker was stayed pursuant to section 654, and he was sentenced to time served on the misdemeanor convictions.  In case No. 12F00971, defendant was sentenced to one year for assault with a deadly weapon, one year four months for first degree burglary, both to run consecutive to defendant's sentence in case No. 12F03331, and time served for misdemeanor battery.

Defendant appeals from the judgment, which encompasses both cases; however, the issues raised in his briefing on appeal only concern case No. 12F03331.[2]  Defendant contends (1) the trial court erred in failing to sua sponte instruct the jury on battery on a person on public transportation (§ 243.35) as a lesser included offense of battery against a transportation worker (2) there is no substantial evidence to support defendant's

---

[1] Unless otherwise indicated, further undesignated statutory references are to the Penal Code.

[2] All further references to the underlying proceedings and facts related thereto are to case No. 12F03331.

conviction for battery against a transportation worker because there is no evidence the victim of the battery was a "station agent" within the meaning of section 243.3.

We shall conclude that battery on a person on public transportation is not a lesser included offense of battery against a transportation worker; and thus, the trial court did not err in failing to instruct on battery on a person on public transportation. We shall further conclude that there is no evidence, substantial or otherwise, to support a finding that the victim of the battery was a "station agent" within the meaning of section 243.3, and therefore shall reverse the judgment, modify defendant's conviction for battery against a transportation worker by reducing it to simple battery, and remand the matter for resentencing.

FACTUAL AND PROCEDURAL BACKGROUND

A detailed recitation of the facts is not required given the limited issues raised on appeal. As relevant here, defendant does not dispute for purposes of this appeal that on May 5, 2012, he committed a battery against transit security guard Matt Thompson aboard a Sacramento Regional Transit (regional transit) light rail train. At the time of the battery, Thompson was employed by G4S, a private security company that was under contract with regional transit. Thompson was assigned to train No. 1, which ran from Watt Avenue and Interstate 80 to Meadowview Road and worked the swing shift from 2:00 p.m. to 10:00 p.m. His job was "[m]aintaining order" by "protecting persons, property of Sacramento Regional Transit, deterring criminal activity, negative activity; making sure that people in general feel safe to ride the train." He had nothing to do with the day-to-day operation of the train system itself; he did not drive or maintain the train, work at the ticket booths, or check for people who had not paid. His job strictly was to provide security. Thompson wore a uniform that included a badge, shirt, pants, and a duty belt that contained pepper spray, handcuffs, gloves, a flashlight, a baton, and a radio. His shirt included patches that read, "Private Security," "G4S," regional transit's logo, and "Transit Security." His badge read, "G4S," and included his badge number.

3

# I
## Battery on Public Transportation Is Not a Lesser Included Offense of Battery Against a Transportation Worker

Defendant contends the trial court erred in failing to sua sponte instruct the jury on battery on public transportation (§ 243.35) as a lesser included offense of battery against a transportation worker (§ 243.3).  As we shall explain, battery on public transportation is not a lesser included offense of battery against a transportation worker; thus, there was no error.

Defendant was charged in count one of an amended information as follows:  "On or about May 05, 2012, at and in the County of Sacramento, State of California, defendant(s) EDWIN SHELTON DAVIS and BRENTON EZEKIEL JAMES did commit a felony namely:  a violation of Section 243.3 of the Penal Code of the State of California, in that said defendants did willfully and unlawfully use force and violence and inflict an injury upon victim, MATT THOMPSON, who was a Regional Transit Train Guard . . . and the defendant [*sic*] knew and reasonably should have known that victim was a Regional Transit Train Guard."

At trial, the jury was instructed on battery against a transportation worker that does not cause injury and simple battery as a lesser included offenses of battery against a transportation worker causing injury.  There is no indication in the record that defendant requested an instruction on battery on public transportation.

Our Supreme Court has "applied two tests in determining whether an uncharged offense is necessarily included within a charged offense:  the 'elements' test and the 'accusatory pleading' test. [Citation.]  The elements test is satisfied if the statutory elements of the greater offense include all of the statutory elements of the lesser offense, such that all legal elements of the lesser offense are also elements of the greater. [Citation.]  In other words, ' "[I]f a crime cannot be committed without also necessarily committing a lesser offense, the latter is a lesser included offense within the former." '

4

[Citations.] Under the accusatory pleading test, a lesser offense is included within the greater charged offense if the facts actually alleged in the accusatory pleading include all of the elements of the lesser offense." (*People v. Bailey* (2012) 54 Cal.4th 740, 748.)

We first consider whether it is possible to violate section 243.3 without also necessarily violating section 243.35 and conclude that it is. Section 243.3 provides enhanced penalties for batteries "committed against the person of an operator, driver, or passenger *on* a bus, taxicab, streetcar, cable car, trackless trolley, or other motor vehicle, . . . or against a schoolbus driver, or against the person of a station agent or ticket agent," where "the person who commits the offense knows or reasonably should know that the victim, in the case of an operator, driver, or agent, is engaged in the performance of his or her duties, or is a passenger . . . ." (Italics added.)

Section 243.35 provides in pertinent part: "Except as provided in Section 243.3, when a battery is committed against *any person on the property of, or in a motor vehicle of, a public transportation provider*, the offense shall be punished by a fine not to exceed two thousand dollars ($2,000), or by imprisonment in a county jail not to exceed one year, or by both the fine and imprisonment."[3] (§ 243.35, subd. (a), italics added.)

By its terms, section 243.3 applies to batteries committed against schoolbus drivers. Unlike batteries committed against operators, drivers, or passengers, batteries against schoolbus drivers need not occur on the bus or other motor vehicle. (§ 243.3.) Thus, a battery committed against a schoolbus driver outside the bus and off the property of a public transportation provider violates section 243.3 but not 243.35, which only

---

[3] As used in section 243.35, "'public transportation provider' means a publicly or privately owned entity that operates, for the transportation of persons for hire, a bus, taxicab, streetcar, cable car, trackless trolley, or other motor vehicle, including a vehicle operated on stationary rails or on a track or rail suspended in air, or that operates a schoolbus." (§ 243.35, subd. (b).) As used in section 243.35, "'on the property of' means the entire station where public transportation is available, including the parking lot reserved for the public who utilize the transportation system." (§ 243.35, subd. (c).)

applies to batteries committed on the property of, or in a motor vehicle of, a public transportation provider. Because it is possible to violate section 243.3 without also violating section 243.35, section 243.35 is not a lesser included offense of 243.3 under the elements test. (*People v. Bailey, supra,* 54 Cal.4th at p. 748.)

Next we examine whether the facts actually alleged in the accusatory pleading, an amended information, include all of the elements of section 243.35 and conclude they do not. The amended information alleges in pertinent part that "defendants did willfully and unlawfully use force and violence and inflict an injury upon victim, MATT THOMPSON, who was a Regional Transit Train Guard . . . and the defendant [*sic*] knew and reasonably should have known that victim was a Regional Transit Train Guard." The amended information does not allege where the battery occurred; thus, it does not include all the elements set forth in section 243.35, which applies only to batteries committed "on the property of, or in a motor vehicle of, a public transportation provider . . . ." (§ 243.35, subd. (a).) Accordingly, section 243.35 is not a lesser included offense of section 243.3 under either the elements or accusatory pleading test.

Because section 243.35 is not a lesser included offense of section 243.3, the trial court did not err in failing to instruct the jury on section 243.35.

II

Defendant's Conviction for Battery Against a Transportation Worker Is Not Supported by Substantial Evidence

Defendant contends there is no substantial evidence to support his conviction for battery against a transportation worker because there is no evidence Thompson was a "station agent" for regional transit. We agree.

"On appeal, the test of legal sufficiency is whether there is substantial evidence, i.e., evidence from which a reasonable trier of fact could conclude that the prosecution sustained its burden of proof beyond a reasonable doubt. [Citations.] Evidence meeting this standard satisfies constitutional due process and reliability concerns. [Citations.] [¶]

6

While the appellate court must determine that the supporting evidence is reasonable, inherently credible, and of solid value, the court must review the evidence in the light most favorable to the [judgment], and must presume every fact the jury could reasonably have deduced from the evidence.  [Citations.]"  (*People v. Boyer* (2006) 38 Cal.4th 412, 479-480.)

Section 243.3 expressly states that it pertains to batteries committed (1) "against the person of an operator, driver, or passenger on a bus . . . or other motor vehicle," (2) "against a schoolbus driver," and (3) "against the person of a station agent or ticket agent for the entity providing the transportation . . . ."  Here, the prosecution argued Thompson was a station agent because he was an employee who contracted with regional transit to help protect the citizens who ride the train, and the jury was instructed that to prove defendant is guilty of "battery against a station agent," the prosecution must prove, among other things, that "Matt Thompson is a station agent of regional transit," and "[w]hen the defendant acted, Matt Thompson was performing his duties as a station agent of regional transit."  Thus, even though section 243.3 applies to batteries committed against operators, drivers, schoolbus drivers, station agents, and ticket agents, defendant's conviction for violating section 243.3 could only have been predicated on the jury's finding that Thompson was a station agent, not one of the other specified victims.  (See *People v. Kunkin* (1973) 9 Cal.3d 245, 250-251.)  The salient question here is whether there is substantial evidence that Thompson was a station agent.  (*Id.* at p. 251 ["We, of course, cannot look to legal theories not before the jury in seeking to reconcile a jury verdict with the substantial evidence rule."].)  There is not.

The term "station agent" is not defined in the statute or in any California cases dealing with section 243.3.  In response to questioning by the jury, the trial court properly instructed the jury to accord the term its "ordinary, everyday meaning."  (See *People v. Ordonez* (1991) 226 Cal.App.3d at pp. 1207, 1229-1230.)  "There is no need to instruct a jury on the meaning of terms in common usage, which are presumed to be within the

understanding of persons of ordinary intelligence." (*Ibid.*) The People agree, arguing "[t]he term 'station agent' is not a legal term of art defined by statute or case law. Instead, the term is subject to its ordinary, every day meaning." As the name suggests, a station agent is, at a minimum, someone who works at, out of, or has some responsibility over, a transit station. (See, e.g., *Thayer v. Pacific E.R. Co.* (1961) 55 Cal.2d 430, 432; *Thompson v. Southern Pacific Co.* (1919) 180 Cal. 730, 735; *Robinson v. Southern Pacific Co.* (1895) 105 Cal. 526, 542; *People v. Gray* (1998) 66 Cal.App.4th 973, 980; *McGettigan v. Bay Area Rapid Transit Dist.* (1997) 57 Cal.App.4th 1011, 1015.) There is no evidence Thompson worked at, out of, or had any responsibility over a transit station. Rather, the only evidence is that he performed his job duties aboard the light rail train.

Contrary to the People's assertion and the trial court's finding in denying defendant's motion for acquittal at the close of the prosecution's case-in-chief, Thompson's status as an "agent" of regional transit is insufficient for purposes of section 243.3.[4] Had the Legislature intended for section 243.3 to apply to batteries committed against any person who acts as an "agent" of regional transit or any other entity providing transportation, it would not have specified that it applies to batteries committed against

_____

[4] After the prosecution rested, defendant, through his trial counsel, moved for the entry of a judgment of acquittal as to the battery on a transportation worker offense on the ground Thompson was not a "protected person" under section 243.3. (§ 1118.1.) Specifically, defendant's trial counsel asserted that Thompson "does not work for [regional transit], not employed by them, not paid by them, not trained by them. [¶] He does not operate or maintain any of [regional transit]'s equipment or anything like that. He's simply an independent contractor that works for [regional transit]. [¶] . . . [H]e's not the protected person within this particular statute." The prosecutor responded that Thompson "qualifies as a station agent of regional transit because of the contract with the security company that Mr. Thompson works for . . . ." The trial court ruled, "It appears that he is an agent of regional transit by virtue of the contract and it does appear that that's the intention that he's identified quite clearly as being with regional transit. [¶] So the 1118.1 motion as to Count One will be denied."

8

"operator[s]," "driver[s]," "ticket agent[s]," and "station agent[s]," all of whom, are "agent[s]" of the entity providing transportation. Our conclusion is bolstered by the Legislature's enactment of section 243.35. In 1995, Assembly Bill No. 588 was introduced, as amended on March 27, 1995, it proposed to repeal and recast sections 241.3 (assault against transportation worker or passenger),[5] 243.3, and 245.2 (assault with deadly weapon against transportation worker or passenger),[6] "to apply to situations where the above offenses are committed against *any person on the property of, or in a motor vehicle of, a public transportation provider, as defined*." (Legis. Counsel's Dig., Assem. Bill No. 588 (1995-1996 Reg. Sess.) as amended Mar. 27, 1995, italics added.) Assembly Bill No. 588 was subsequently amended by the Senate on June 5, 1996. The amended version provided that section 241.3 would be amended, but sections 243.3 and

---

[5] At that time, section 241.3 provided: "When an assault is committed against the person of an operator, driver, or passenger on a bus, taxicab, streetcar, cable car, trackless trolley, or other motor vehicle, including a vehicle operated on stationary rails or on a track or rail suspended in the air, used for the transportation of persons for hire, or against a schoolbus driver, or against the person of a station agent or ticket agent for the entity providing such transportation, and the person who commits the offense knows or reasonably should know that the victim, in the case of an operator, driver, or agent, is engaged in the performance of his or her duties, or is a passenger, the offense shall be punished by a fine not exceeding two thousand dollars ($ 2,000), or by imprisonment in the county jail not exceeding one year, or by both such fine and imprisonment." (Former § 241.3.)

[6] Section 245.2 reads, as it did when the bill was introduced: "Every person who commits an assault with a deadly weapon or instrument or by any means of force likely to produce great bodily injury upon the person of an operator, driver, or passenger on a bus, taxicab, streetcar, cable car, trackless trolley, or other motor vehicle, including a vehicle operated on stationary rails or on a track or rail suspended in the air, used for the transportation of persons for hire, or upon the person of a station agent or ticket agent for the entity providing such transportation, when the driver, operator, or agent is engaged in the performance of his or her duties, and where the person who commits the assault knows or reasonably should know that the victim is engaged in the performance of his or her duties, or is a passenger, shall be punished by imprisonment in the state prison for three, four, or five years."

9

245.2 would not. Instead, section 243.35 would be added. As set forth above, section 243.35 provides in pertinent part: "Except as provided in Section 243.3, when a battery is committed against any person on the property of, or in a motor vehicle of, a public transportation provider, the offense shall be punished by a fine not to exceed two thousand dollars ($2,000), or by imprisonment in a county jail not to exceed one year, or by both the fine and imprisonment." (§ 243.35, subd. (a).) Thus, when given the opportunity to broaden section 243.3, the Legislature declined to do so and instead enacted section 243.35.

As previously discussed, whether substantial evidence supports a finding Thompson fell within any of the other categories of victims specified in section 243.3 – operator, driver, passenger, schoolbus driver, or ticket agent – is not properly before us. Even if it were, there is no evidence to support a finding Thompson was any of those things. As he candidly acknowledged, he did not operate or drive the light rail train. There is no evidence he had anything to do with tickets. To the contrary, he testified he did not check to see if passengers had paid. Nor was he a passenger at the time of the battery. Although not defined in the statute or in any California cases dealing with section 243.3, like "station agent," the term "passenger" is not a technical term requiring separate definition for the jury. "Passenger" is commonly understood as meaning "a traveler in a public or private conveyance" (Merriam-Webster's Collegiate Dict. (11th ed. 2006) p. 905) or "[a] person whom a common carrier has contracted to carry from one place to another . . ." (Black's Law Dict. (4th ed. 1968) p. 1280). At the time of the battery, Thompson was not a traveler; nor had he contracted with light rail to carry him from one place to another. Rather, he was working in his capacity as a transit security officer on the light rail train.

Finally, the People cite to the Bay Area Rapid Transit (BART) system's definition of "station agent" for the proposition that such a person's job duties are similar to those performed by a transit officer such as Thompson. This definition was not provided to the

10

jury, and thus, is not evidence in this case. That said, we pause to note that the job description for station agent cited by the People makes plain that a station agent performs his or her duties "at an assigned station," as opposed to on a train. (*Station Agent* (Jul. 2003) Bay Area Rapid Transit <http://www.bart.gov/sites/default/files/docs/jobs/ StationAgent.pdf> [as of Oct. 24, 2014] ["Incumbents in this class act as a physical presence in an assigned station during normal revenue service hours. Their overall function is to provide assistance and information to patrons while maintaining an on-site observance to detect problems with station equipment or facilities and make arrangements for corrective action as required."].)

For all the reasons set forth above, we reject the People's assertion that section 243.3 extends to any person who is an agent of an entity that provides transportation and conclude that there is no evidence, substantial or otherwise, to support the jury's finding that Thompson was a station agent at the time of the battery, or any other type of victim specified in section 243.3.

Although we must reverse the battery against a transportation worker count, section 1181, subdivision 6, authorizes us to reduce the conviction to the lesser included offense of battery (§ 242) in light of the record. (See *People v. Corey* (1978) 21 Cal.3d 738, 746.)[7]

---

[7] Defendant is correct that the trial court erred in denying his motion for acquittal under section 1118.1. The trial court should have granted the motion for a directed verdict of acquittal on count one (battery against a transportation worker) and reduced that count to the lesser included offense of simply battery as we have done here. (See *People v. Powell* (2010) 181 Cal.App.4th 304, 311.)

## DISPOSITION

The judgment is reversed.  The conviction of battery on a transportation worker in violation of section 243.3 in case No. 12F03331 is modified to simple battery and the matter is remanded for resentencing.

    BLEASE           , J.

We concur:

    RAYE           , P. J.

    MURRAY         , J.