Filed 8/22/24  P. v. Rojas CA1/1
**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIRST APPELLATE DISTRICT

## DIVISION ONE

| | |
|---|---|
| THE PEOPLE,<br>    Plaintiff and Respondent,<br>v.<br>ALFONSO CORRO ROJAS,<br>    Defendant and Appellant. | A168293<br><br>(Napa County<br>Super. Ct. No. 22CR002483) |

Alfonso Corro Rojas was convicted by a jury of evading an officer with willful disregard and misdemeanor resisting arrest.  He contends the trial court violated his constitutional right against double jeopardy by allowing the prosecution to amend the information to charge the lesser included offense of misdemeanor resisting arrest after granting his motion for acquittal of felony resisting arrest.  We affirm.

### I.  BACKGROUND

In November 2022, the Napa County Sheriff's Department received calls reporting a red truck "spinning donuts."  At the scene, the responding officer noticed a purple truck parked near the reported area and investigated.  When the officer parked behind the truck and walked toward it, Rojas started it up and drove away.  The officer returned to his car, activated the emergency lights, and pursued Rojas, who drove erratically.  Eventually, the officer blocked Rojas's truck from leaving a dead-end street.

The officer exited his car, told Rojas to turn off the truck and put his hands up.  Rojas turned off the truck but would not raise his hands, even after several commands to do so.  Additional officers arrived on the scene and formed a plan to arrest Rojas after he continued to ignore officers' verbal commands.  The officers eventually removed Rojas from the truck and placed him face down on the ground.  When the initial responding officer grabbed Rojas's left arm to place him in handcuffs, he felt Rojas tense up and try to pull away from him.

In an amended information filed March 2023, Rojas was charged with three felonies: evading an officer while driving against traffic (Veh. Code, § 2800.4; count one), evading an officer with willful disregard (Veh. Code, § 2800.2, subd. (a); count two), and resisting an executive officer (Pen. Code,[1] § 69; count three).  Rojas moved for acquittal of count three, felony resisting an executive officer, under section 1118.1 at the close of the prosecution's case.  The trial court granted the motion but allowed the prosecutor to amend the information to add the lesser included offense of misdemeanor resisting arrest (§ 148; count three).

In ruling on the motion for acquittal, the trial court stated:  "I'm just looking at this from the standpoint of a [section] 69, and I don't think I've ever had a charge go forward just when some[one] was not complying with putting their hand behind their back. [¶] Normally, this is when the defendant is fight[ing] against the officer, oftentimes trying to punch them, bite them, resisting where they have to put them in a wrap, all those sorts of things. [¶] And here, it sounded like, yes, he wasn't complying with putting his hand behind his back, but it didn't sound like it was a felony [section] 69. [¶] So I'm going to grant the request at this point."

---

[1]  Undesignated statutory references are to the Penal Code.

Immediately after this statement, the prosecution responded, "Your Honor, if that's the Court's ruling, then I would ask leave of the Court to amend the Complaint to add a violation of Penal Code Section 148." The trial court responded, "Okay. You do have the right to make an amendment at any time during the trial." Rojas's counsel objected to the amendment, noting that the prosecution had rested, and that it would require him to "essentially completely recalibrate the defense strategy." The court responded: "I'll give you time to recalibrate. But to bring up a [section] 148, I think [the prosecutor] has the right to do that. Especially based upon the Court's ruling on granting the [section] 1118." The court then asked if Rojas's counsel needed time to address the issue, to which he responded affirmatively, and the court took a recess.

The jury found Rojas guilty of evading an officer with willful disregard (count one) and resisting an officer (count three), but acquitted him of evading an officer against traffic (count two). The trial court suspended imposition of sentence and granted a two-year probation.

## II. DISCUSSION

"In a case tried before a jury, the court on motion of the defendant . . . , at the close of the evidence on either side and before the case is submitted to the jury for decision, shall order the entry of a judgment of acquittal of one . . . of the offenses charged in the accusatory pleading if the evidence then before the court is insufficient to sustain a conviction of such offense . . . on appeal." (§ 1118.1.) An acquittal under section 1118.1 "is a bar to any other prosecution for the same offense." (§ 1118.2.)

The court's authority to allow amendment of the information following a motion for acquittal is a question of law which we review de novo. (See *People v. Garcia* (1985) 166 Cal.App.3d 1056, 1067 (*Garcia*); *In re Corrine W.*

3

(2009) 45 Cal.4th 522, 529 [on appeal, questions of law are reviewed de novo].)

Granting a section 1118.1 motion for a particular count is an acquittal of the crime charged and all lesser included offenses, unless explicitly stated otherwise. (*Garcia, supra*, 166 Cal.App.3d at p. 1069; *People v. McElroy* (1989) 208 Cal.App.3d 1415, 1424 (*McElroy*), disapproved in part on other grounds in *People v. Cromer* (2001) 24 Cal.4th 889, 901, fn. 3.) However, the trial court retains "discretion to substitute a lesser included offense upon a finding of insufficient evidence as to the greater offense." (*People v. Powell* (2010) 181 Cal.App.4th 304, 311 (*Powell*).)

Rojas argues that when the trial court granted the prosecution's motion to amend immediately after granting his motion to acquit, it violated his constitutional right against double jeopardy because the court "never reserved jurisdiction to allow the charge in Count 3 to be amended to a lesser included offense." We disagree.

A trial court does not need to expressly reserve jurisdiction when, like here, the prosecution immediately seeks to substitute a lesser included offense when the court announces its ruling to acquit defendant of the greater offense. (*Powell, supra*, 181 Cal.App.4th at pp. 311–313.) Unlike *Garcia* and *McElroy*, which Rojas relies on, here there was no "recess or consideration of matters other than the motion for acquittal" that would have provided Rojas "a modicum of repose from prosecution." (*Powell*, at pp. 313, 312.) Rojas "ignores the unbroken nature of the proceeding within which the court ordered the dismissals and stated its intent to instruct on the lesser included offenses." (*Id.* at p. 313.) Here, as in *Powell*, the prosecution moved to amend the information to add the lesser included offense immediately after the court pronounced its ruling on Rojas's section 1118.1 motion.

4

Rojas attempts to distinguish *Powell* by emphasizing that in *Powell* "ample notice" of the lesser included offense was provided because the prosecution had submitted jury instructions for it. We are not persuaded. The *Powell* analysis turns on the timing of the request to add the lesser included offense, not the sufficiency of notice of the charge. Moreover, when a defendant is charged with an offense, he is notified of the need to potentially defend against any lesser included offenses. (*People v. Birks* (1998) 19 Cal.4th 108, 118 ["the stated charge notifies the defendant, for due process purposes, that he must also be prepared to defend against any lesser offense necessarily included therein, even if the lesser offense is not expressly set forth in the indictment or information"].)

Thus, the trial court did not err when it allowed the prosecution to amend the information to add misdemeanor resisting arrest (§ 148) immediately after granting Rojas's motion to acquit on the greater offense of resisting an executive officer (§ 69). Since there was no error, we need not reach Rojas's claim of double jeopardy. (*Garcia*, *supra*, 166 Cal.App.3d at pp. 1067–1068.)

## III. DISPOSITION

The judgment is affirmed.

SIGGINS, J.*

WE CONCUR:

HUMES, P. J.

BANKE, J.

A168293
*People v. Rojas*

---

* Retired Presiding Justice of the Court of Appeal, First Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

6