Filed 12/17/15  P. v. Paz CA2/2

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>HILARIO MENDOZA PAZ,<br><br>    Defendant and Appellant. | B259124<br><br>(Los Angeles County<br>Super. Ct. No. MA060249) |

APPEAL from a judgment of the Superior Court of Los Angeles County. Frank M. Tavelman, Judge.  Affirmed with modifications.

Richard D. Miggins, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Lance E. Winters, Senior Assistant Attorney General, Stephanie A. Miyoshi, and Tita Nguyen, Deputy Attorneys General, for Plaintiff and Respondent.

* * * * * *

A jury convicted Hilario Mendoza Paz (defendant) of communicating with a 13-year-old girl with the intent to engage in a lewd act with her (Penal Code, § 288.3, subd. (a))[1] and of committing a lewd act with her (§ 288, subd. (a)). The trial court sentenced him to the high-end term of 8 years of state prison on the lewd act conviction, and an additional year for the communication conviction. Defendant argues that the statute prohibiting certain communications with minors is unconstitutional; that the court erred in imposing a high-end term on the lewd act conviction and in not staying the communication conviction under section 654; and that he is entitled to additional custody credits. We conclude that only his final argument has merit; accordingly, we affirm his convictions and sentence but modify the abstract of judgment to correct the custody credits.

## FACTUAL AND PROCEDURAL BACKGROUND

At some point prior to July 17, 2013, defendant created a user profile on an Internet website called "Meet Me." Defendant's profile listed his age as 15; he was 37. Through that website, defendant sent a message to Maria M. Maria M.'s "MeetMe" profile contained her photograph and listed her age as 14 (it was actually 13, but she mistakenly entered the wrong birth year), and restricted her to meeting other users in her own age group. After Maria gave defendant her telephone number, defendant called her on July 17, 2013. During that call, defendant brought up the subject of sex and offered to come to see her. The next day, defendant sent Maria a text message and reaffirmed his desire to meet her. Maria told defendant she was not going to "give him sex" and that she did not want him to go to jail.

Maria nevertheless gave defendant her address. Later that day, defendant drove to Maria's neighborhood in a van, picked her up on a street corner, and drove her to a park. Once they parked, defendant told her to climb into the cargo area of the van, laid her

---

[1]    Unless otherwise indicated, all further statutory references are to the Penal Code.

2

down on a mat in the cargo area, undressed her, kissed her breast and vagina, put his penis in her vagina two or three times, and ejaculated on her body.

Defendant was arrested minutes thereafter, still laying naked with Maria in the back of the van. (Law enforcement had been looking for defendant's van, as charges were pending against him in another case involving sexual acts with a minor.) Fluids found on Maria's external genitalia and her right thigh contained defendant's DNA. When speaking with law enforcement, defendant referred to Maria as his "girlfriend" and admitted to having sex with her.

The People charged defendant with (1) committing a lewd act upon a child (§ 288, subd. (a)), and (2) communicating with a minor with the intent to commit a lewd act (§ 288.3, subd. (a)). After a jury convicted defendant of both counts, the trial court sentenced defendant to a nine-year prison sentence comprised of a high-end sentence of eight years on the lewd act conviction plus a consecutive, one-year sentence (that is, one third of the middle term) on the communicating conviction. The trial court awarded 441 days of presentence custody credit.

Defendant timely appeals.

## DISCUSSION

### I. Validity of Section 288.3 Conviction

Section 288.3 makes it a crime to "contact[] or communicate[] with a minor . . . with intent to commit" any of 14 different enumerated offenses, including to commit a lewd act in violation of section 288. (§ 288.3, subd. (a).) Defendant argues that his conviction under this statute must be vacated because the statute violates the federal and California Constitutions for two different reasons. First, he argues that the statute is unconstitutionally vague (and thus violates due process) because (1) it does not define "contact" or "communicate," (2) it does not specify what type of "temporal relationship" is required "between the communication and the intent," and (3) it "requires law enforcement authorities to evaluate whether casual words, looks, glances, or smiles constitute contact or communications with a minor." Second, defendant argues that the

3

statute violates the First Amendment because it constitutes a content-based restriction on speech that is not narrowly tailored because it would preclude persons who are sexually attracted to kids from having *any* contact with them. We review challenges to the constitutionality of a statute de novo. (*Alviso v. Sonoma County Sheriff's Dept.* (2010) 186 Cal.App.4th 198, 204.)

*People v. Keister* (2011) 198 Cal.App.4th 442 (*Keister*) rejected challenges nearly identical to defendant's. *Keister* held that section 288.3 was not vague. "'What renders a statute vague,'" the *Keister* court noted, "'is not the possibility that it will sometimes be difficult to determine whether the incriminating fact it establishes has been proved; but rather the indeterminacy of precisely what that fact is.' [Citation.]." (*Id.* at p. 449.) The court found "no such indeterminacy" in section 288.3 because "[w]hether a defendant made the contact or communication and had the requisite intent are yes-or-no determinations, not subjective judgments." (*Ibid.*) *Keister* also held that section 288.3 does not "unconstitutionally restrict protected speech" because it only criminalizes speech made when a defendant "know[s] or reasonably should have known the other person was a minor, [has] the specific intent to commit an enumerated sex offense, and then contact[s] or communicate[s] with that minor . . . ." (*Id.* at p. 450.) Defendant asserts that *Keister* was wrongly decided, but offers no argument as to why. We will follow *Keister.*

Two of defendant's vagueness arguments were not expressly addressed in *Keister*, *supra*, 198 Cal.App.4th 442, but neither has merit. Defendant claims that section 288.3 does not define "contacts or communicates," but subdivision (b) does just that. (§ 288.3, subd. (b) [defining "contacts or communicates with" as "direct and indirect contact or communication" either personally or, as pertinent here, through a "communication common carrier" or "any electronic communications system"].) Defendant also asserts that section 288.3 does not specify *when* the defendant making the communication must harbor the intent to engage in sex crimes, but the plain language of the statute indicates that the two must be simultaneous.

4

Defendant's section 288.3 conviction is valid.

## II.    Sentencing Challenges

Defendant levels two sets of challenges at this sentence.

### A.                    *Imposition of high-end term on lewd act conviction*

A person convicted of committing a lewd act with a minor in violation of section 288 may be sentenced to 3, 6, or 8 years in prison. (§ 288, subd. (a).) The trial court decides which term—low, middle, or high—"best serves the interests of justice" after weighing the pertinent aggravating and mitigating factors. (§ 1170, subd. (b); Cal. Rules of Court, rule 4.420(a) & (b).) The court "shall state the reasons for its sentence choice on the record at the time of sentencing." (§ 1170, subd. (c); Cal. Rules of Court, rule 4.420(e).) We review the trial court's decision for an abuse of discretion. (*People v. Sandoval* (2007) 41 Cal.4th 825, 847-848 (*Sandoval*).)

The trial court in this case selected the high-term sentence of eight years for defendant's lewd act conviction. In reaching this conclusion, the court identified five aggravating factors: (1) that defendant poses "an extreme public safety risk" because "[h]e is a 40 year old man having sex with a 13-year-old girl in the back of a van"; (2) that Maria was "particularly vulnerable"; (3) that "[t]he manner in which the crime was carried out . . . indicate[s] planning and sophistication" by, among other things, "misrepresent[ing] his . . . age on th[e] website"; (4) that "defendant's prior convictions are of increasing seriousness"; and (5) that defendant "was on probation at the time of this offense, [and his] performance on probation was unsatisfactory." The court found no mitigating factors.

Defendant argues that the trial court abused its discretion in selecting the high-term sentence because the court was wrong to rely on four of the five aggravating factors and wrongly declined to consider certain mitigating factors. The People argue that defendant forfeited these challenges by not objecting at the time of sentencing (*People v. Scott* (1994) 9 Cal.4th 331, 356), and defendant counters that any forfeiture is due to the ineffectiveness of his trial counsel. We elect to reach the merits of defendant's

challenges; because they lack merit, any ineffectiveness of trial counsel in not making them was not prejudicial to defendant. (See *Strickland v. Washington* (1984) 466 U.S. 668, 687.) We consider each argument in turn.

First, defendant contends that the trial court's finding that Maria was a "vulnerable victim" was based solely on her age; that her young age is already an element of both sections 288 and 288.3; and that a court may not rely on an aggravating factor that is also an element of the underlying offense. Although the vulnerability of the victim is an appropriate aggravating factor (Cal. Rules of Court, rule 4.421(a)(3)), defendant is correct that a trial court may not "aggravat[e] a sentence due to 'particular vulnerability,' where vulnerability is based *solely* on age, . . . when age is an element of the offense." (*People v. Dancer* (1996) 45 Cal.App.4th 1677, 1693-1694, disapproved on another ground in *People v. Hammon* (1997) 15 Cal.4th 1117, 1123; *People v. Alvarado* (2001) 87 Cal.App.4th 178, 185; *People v. Fernandez* (1990) 226 Cal.App.3d 669, 680; accord, *People v. Flores* (1981) 115 Cal.App.3d 924, 926-927 [same]; cf. *People v. Ginese* (1981) 121 Cal.App.3d 468, 477 [age, along with defendant's supervision and control over minor victim, creates a vulnerability that may be considered as an aggravating factor]; *People v. Garcia* (1983) 147 Cal.App.3d 1103, 1106-1107 [same]; *People v. Estrada* (1986) 176 Cal.App.3d 410, 418-419 [age, along with small stature and shyness, creates vulnerability that may be considered an aggravating factor].) Because the court here did not specify additional reasons (beyond her age) why it found Maria to be a vulnerable victim, the court erred in relying on this aggravating factor. However, because "a single valid [aggravating] factor is sufficient to justify an upper term," the court's error was not prejudicial where, as here, several other aggravating factors independently and collectively justify the high-term and thereby preclude any reasonable probability that the court would have imposed a different sentence. (E.g., *People v. Forster* (1994) 29 Cal.App.4th 1746, 1759.)

Second, defendant argues that his initial misrepresentation of his age is irrelevant because he told Maria his true age when they met and, despite that knowledge, Maria

willingly had sex with him. Thus, defendant asserts, the trial court was wrong to label him an "extreme public safety risk." We disagree. Whether Maria expressed interest or disinterest in having sex with defendant is of no consequence because "the victim's consent is not a defense to the crime of lewd acts on a child under age 14 under any circumstances." (*People v. Soto* (2011) 51 Cal.4th 229, 233 (*Soto*).) Moreover, defendant's misrepresentation of his age was part and parcel of his sophisticated plan to have sex with minors, and his misrepresentation gave him *access* to those minors. The "planning [and] sophistication" of a defendant's crime is an aggravating factor. (Cal. Rules of Court, rule 4.421(a)(8).)

Third, defendant disputes the trial court's characterization of his criminal history as one of "increasing seriousness."[2] At the time of sentencing, defendant (1) had a 1997 misdemeanor conviction for petty theft, (2) had a 1998 misdemeanor conviction for petty theft, (3) had a 2003 misdemeanor conviction for disturbing the peace, (4) had a 2009 felony conviction for selling bootleg recordings, and (5) had been charged with, but not yet tried on, four counts of unlawful sexual intercourse with a minor and three counts of oral copulation with a person under the age of 16 years old occurring in 2008. Given that defendant's criminal activity had "progressed" from misdemeanors to committing felonies and then to felonies involving sex acts with minors, the court did not abuse its discretion in viewing defendant's criminality as escalating or in considering this factor. (Cal. Rules of Court, rule 4.421(b)(2) [court may consider defendant's "prior convictions" and whether they are "of increasing seriousness"].)

Lastly, defendant contends that the trial court erred in overlooking three potentially mitigating factors—namely, (1) that he did not inflict bodily harm on Maria or use a firearm, (2) that Maria was promiscuous and willingly had sex with him, and (3) a psychological evaluation found him to have a "low-moderate" risk of reoffending. The first two factors are irrelevant. The California Rules of Court treat the infliction of bodily

---

[2] Defendant also argues that the trial court incorrectly referred to his convictions as "numerous," but the court never did so.

harm and use of a weapon as aggravating factors (Cal. Rules of Court, rule 4.421(a)(1) & (a)(2)); it does not treat their absence as a mitigating factor (*id.*, rule 4.423).  As noted above, Maria's willingness—or unwillingness—to have sex with defendant is irrelevant because the consent of a minor is no defense to a sex crime.  (*Soto*, *supra*, 51 Cal.4th at p. 233).  The court's failure to discuss these factors on the record is of no moment.  (*Sandoval*, *supra*, 41 Cal.4th at p. 847 [trial court not required to weigh mitigating factors on the record].)  The court explicitly found the psychological evaluation to be unpersuasive because it did not account for the pending crimes, because it improperly listed defendant's age as 28 (rather than 40), and because its conclusion was inconsistent with defendant's repeated denial of any wrongdoing.

    ***B.***        ***Imposition of consecutive sentence for communicating conviction***

Section 654 provides that "[a]n act or omission that is punishable in different ways by different provisions of law shall be punished under the provision that provides for the longest potential term of imprisonment, but in no case shall the act or omission be punished under more than one provision."  (§ 654, subd. (a).)  Although section 654 on its face prohibits multiple punishments for the same act, section 654 "has also long been applied to cases where a 'course of conduct' violates several statutes."  (*People v. Kwok* (1998) 63 Cal.App.4th 1236, 1252 (*Kwok*).)  " " " "Whether a course of criminal conduct is divisible and therefore gives rise to more than one act within the meaning of section 654 depends upon the intent and objective of the actor.  If all of the offenses were incident to one objective, the defendant may be punished for any one of such offenses but not for more than one." " " "  (*People v. Capistrano* (2014) 59 Cal.4th 830, 885, quoting *People v. Rodriguez* (2009) 47 Cal.4th 501, 507.)

In this case, the trial court determined that defendant's contact and communication with Maria, and his subsequent lewd act with her, were "distinct acts" that fell outside of section 654's proscription.  " ' "Whether the acts of which a defendant has been convicted constitute an indivisible course of conduct is a question of fact for the trial court, and the

8

trial court's findings . . . will not be disturbed if they are supported by substantial evidence.'" (*People v. Cardenas* (2015) 239 Cal.App.4th 220, 229.)

Defendant argues that the trial court's ruling is wrong because his conduct in communicating with Maria and in subsequently having sex with her was all done with the same intent—namely, to have sex with her. We reject this argument. Section 654 "applies to 'a course of conduct deemed to be *indivisible in time*.'" (*Kwok*, *supra*, 63 Cal.App.4th at p. 1253, quoting *People v. Beamon* (1973) 8 Cal.3d 625, 639, fn. 11.) By contrast, "[w]here a course of conduct is divisible in time it may give rise to multiple punishment even if the acts are directive to one objective." (*People v. Louie* (2012) 203 Cal.App.4th 388, 399.) This rule makes sense: "If the separation in time afforded [a] defendant[] an opportunity to reflect and to renew [his] intent before committing the next crime, a new and separate crime is committed." (*Ibid.*) Here, defendant's calls and text messages to Maria occurred on the days leading up to the day he picked her up and had sex with her; he had ample opportunity to reflect and not to commit the lewd act. His decision to do so is separately punishable.

## III. Calculation of Conduct Credits

Defendant lastly asserts that the trial court miscalculated his presentence credits, and the People agree. Defendant was arrested on July 18, 2013, and sentenced on September 9, 2014. This entitles defendant to 419 days of actual credit, but the trial court awarded him only 384 days. Defendant is also entitled to an additional 62 days of conduct credit. Because this issue may be raised for the first time on appeal along with other properly preserved claims (*People v. Mendez* (1999) 19 Cal.4th 1084, 1100-1101), we order that the abstract of judgment be amended to reflect a total of 481 days of custody credit.

9

## DISPOSITION

The judgment is modified to provide for 419 actual days of presentence custody credit, plus 62 days of conduct credit, for a total of 481 days. The superior court is directed to prepare an amended abstract of judgment reflecting the modified presentence custody credit, and to forward a copy of the amended abstract to the Department of Corrections and Rehabilitation. As so modified and in all other respects, the judgment is affirmed.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS.


_____, J.
HOFFSTADT

We concur:


_____, P. J.
BOREN


_____, J.
CHAVEZ

10