NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

JAN 11 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JOSE G. CARRANZA,<br><br>    Petitioner-Appellant,<br><br>  v.<br><br>MICHAEL F. MARTEL,<br><br>    Respondent-Appellee. | No.    14-55362<br><br>D.C. No.<br>2:13-cv-01555-R-JPR<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Manuel L. Real, District Judge, Presiding

Submitted January 9, 2018[**]
Pasadena, California

Before:  M. SMITH and FRIEDLAND, Circuit Judges, and RAKOFF,[***] District
Judge.

Jose G. Carranza appeals the district court's denial of his habeas petition,

and he petitions this court to expand his certificate of appealability ("COA").  We

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

[***]    The Honorable Jed S. Rakoff, United States District Judge for the
Southern District of New York, sitting by designation.

have jurisdiction pursuant to 28 U.S.C. § 2254 and 28 U.S.C. § 2253(c), and we affirm the district court's denial of his habeas petition and decline to expand the COA.

1. Carranza argues that there was insufficient evidence of force or duress to support his conviction under California Penal Code Section 269.[1] We are not persuaded. When reviewing a challenge to a conviction based on the sufficiency of the evidence, "the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 318-19 (1979). In habeas cases, review of this question is doubly deferential, as deference is also due to the state courts. *See, e.g.*, *Coleman v. Johnson*, 566 U.S. 650, 651 (2012) ("*Jackson* claims face a high bar in federal habeas proceedings because they are subject to two layers of judicial deference."); *see also* 28 U.S.C. § 2254(d).

---

[1] California Penal Code Section 269(a)(5) prohibits "[s]exual penetration, in violation of subdivision (a) of Section 289" when "commit[ed] . . . upon a child who is under 14 years of age and seven or more years younger than the [defendant]." Section 289, in turn, penalizes "an act of sexual penetration when the act is accomplished against the victim's will by means of force, violence, duress, menace, or fear of immediate and unlawful bodily injury." Cal. Penal Code § 289(a)(1)(A). While we need only conclude that there was sufficient evidence of force *or* duress to reject Carranza's sufficiency of the evidence challenge, for the reasons discussed in this memorandum disposition, we are convinced there was sufficient evidence of both.

It was reasonable for the state court to conclude that there was sufficient evidence of duress. Under California law, "'[d]uress' has been defined as 'a direct or implied threat of force, violence, danger, hardship or retribution sufficient to coerce a reasonable person.'" *People v. Schulz*, 3 Cal. Rptr. 2d 799, 802-03 (Ct. App. 1992) (quoting *People v. Pitmon*, 216 Cal. Rptr. 221, 227 (Ct. App. 1985)). California courts have also recognized that "[d]uress involves psychological coercion [and] . . . can arise from various circumstances, including the relationship between the defendant and the victim and their relative ages and sizes,"[2] *id.* at 803, and that previous uses of force during molestations can support a finding of duress in later molestations, *Pitmon*, 216 Cal. Rptr. at 225. Here, there were significant disparities in age and size between Carranza and the victim; Carranza was in a position of authority as a caretaker; and he had used force days before this incident when he restrained the victim and licked her chest.

---

[2] Carranza cites two cases to argue that psychological coercion is insufficient to support a finding of duress and that duress was not present here. *See People v. Espinoza*, 116 Cal. Rptr. 2d 700 (Ct. App. 2002); *see also People v. Hecker*, 268 Cal. Rptr. 884 (Ct. App. 1990). Although these cases share some facts with this case, the question here is not whether there is some resemblance to these cases, but whether these cases would prevent a rational fact finder from finding beyond a reasonable doubt that Jane was under duress when Carranza penetrated her anus with his fingers. They do not. Moreover, these cases are in tension with the weight of California case law, *see, e.g., People v. Superior Court (Kneip)*, 268 Cal. Rptr. 1, 2 (Ct. App. 1990), and have been explicitly disagreed with, *People v. Cochran*, 126 Cal. Rptr. 2d 416, 421 (Ct. App. 2002) ("We believe this language in *Hecker* is overly broad. The very nature of duress is psychological coercion.").

It was also reasonable for the state court to conclude that there was sufficient evidence of force. Force is proven when it is shown "that the defendant accomplished an act of sexual penetration by the use of force sufficient to overcome the victim's will." *In re Asencio*, 83 Cal. Rptr. 3d 400, 408 (Ct. App. 2008). Here, when the act in question occurred, the victim was asleep on her back. Therefore, to accomplish the act, Carranza had to reach underneath her and into her pants. Given the circumstances, it was reasonable to conclude that a jury could have found this to be sufficient force to overcome the victim's will.

2. Carranza also argues that his trial counsel's failure to object during the prosecution's closing statement constituted ineffective assistance of counsel. We disagree. To show ineffective assistance of counsel, a defendant must demonstrate that counsel's performance was both deficient and prejudicial. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). It was reasonable for the state court to conclude that the decision not to object during the closing did not amount to deficient performance. *See, e.g.*, *United States v. Necoechea*, 986 F.2d 1273, 1281 (9th Cir. 1993) ("[A]bsent egregious misstatements, the failure to object during closing argument and opening statement is within the 'wide range' of permissible professional legal conduct." (quoting *Strickland*, 466 U.S. at 689)). It was also reasonable to conclude that, in light of the overwhelming evidence against Carranza, the decision was not prejudicial. *See Strickland*, 466 U.S. at 694 (stating

4

that performance is prejudicial when it creates "a reasonable probability that, but for counsel's unprofessional errors, the result of the [trial] would have been different.").

3. Finally, Carranza briefed two arguments not included in the COA. A COA is warranted when a petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "[W]here a motions panel grants a COA in part and denies a COA in part, uncertified issues raised and designated in the manner prescribed by Ninth Circuit Rule 22-1 will be construed as a motion to expand the COA . . . ." *Murray v. Schriro*, 745 F.3d 984, 1002 (9th Cir. 2014) (quoting 9th Cir. R. 22-1(d)-(e)) (internal quotation marks and alterations omitted). We decline to expand the COA on both grounds advanced by Carranza. First, similar to his ineffective assistance of counsel argument, Carranza argues that the prosecutor engaged in prejudicial misconduct when he stated in closing that force and duress are present in every child molestation case. Given that the trial court correctly defined force and duress in its jury instructions and also instructed the jury that it must follow the court's instructions in the event that the jury "believe[d] that the attorneys' comments on the law conflict[ed] with [its] instructions," Carranza cannot show that this statement "so infected the trial with unfairness as to make the resulting conviction a denial of due process." *Darden v. Wainwright*, 477 U.S. 168, 181 (1986) (quoting *Donnelly v. DeChristoforo*, 416 U.S. 637, 643

5

(1974)); *see, e.g.*, *Weeks v. Angelone*, 528 U.S. 225, 234 (2000) (stating that juries are presumed to follow instructions). Second, for the first time on this appeal, Carranza argues that his trial and appellate counsel were ineffective because they did not argue that his confession was involuntary. This argument was not raised before the district court, and we therefore treat it as waived and decline to hear it. *See Dodd v. Hood River Cty.*, 59 F.3d 852, 863 (9th Cir. 1995).

**AFFIRMED**. And the petition to expand the COA is **DENIED**.